MARTHA M. BUCKLIN *v.* JOHN W. NARKWICH.

January Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed February 5, 1935.

*Clayton H. Kinney* and *Stanley L. Burns* for the defendant.

*Fenton, Wing & Morse* and *Charles F. Ryan* for the plaintiff.

MOULTON, J. This is an action in tort, arising out of an automobile collision. The verdict and judgment below were for the plaintiff, and the defendant has excepted.

The declaration alleges that the plaintiff was operating her automobile in a backward direction in a private driveway at her residence, and was approaching the intersection of the private driveway, with the public highway; that the defendant drove

his car along the highway in a negligent manner, at an unreasonable rate of speed, and beyond control; that he did not keep upon the paved portion of the highway, but drove into and upon the private driveway, then occupied by the plaintiff in her automobile, whereby a collision took place and injury ensued.

North Main Street in the city of Rutland is a public highway running approximately north and south, and the cement pavement is 18 feet in width. The plaintiff's premises lie on its eastern side. A graveled private driveway lies to the north of the house, and extends in a westerly direction from a garage, or barn, in the rear, to the cement highway. This driveway is 8 feet wide, except as it widens as it approaches the street. There is a path, leading from the house across the lawn in a general northeasterly direction to a stepping stone, 36 inches long, at the side of the driveway, about 20 feet from the highway. The driveway is on a descending grade from the rear of the house to the stepping stone, where there is a level space, and then a slight ascending grade to the street. The house itself is 34 feet from the street, and the driveway is bordered along its southern side by bushes and shrubs, which extend to a point about 15 feet from the highway.

This was the effect of the testimony on behalf of the plaintiff: About noon on January 15, 1932, she entered her car, then standing, pointing east, at or near the rear of the house, and, without starting the engine, backed it down the incline until the front wheels were opposite, or nearly opposite, the westerly end of the stepping stone. She was watching the stone and the bushes, so that her automobile should not come in contact with them, and did not look along the highway in either direction. The car was standing still wholly within the driveway, the rear end being at a distance variously estimated as from 2 to 13 feet from the cement highway, when the defendant, coming northerly along North Main Street, at a rate between 40 and 45 miles an hour, drove his car off the cement on the eastern side, and into the private driveway; and collided with the rear of the plaintiff's automobile turning it completely around so that it came to rest with the left front wheels on the cement, facing in a northwesterly direction, and the right rear wheel against a telegraph pole, which stood about 10 feet northerly from the driveway. After the accident the defendant's car was standing on the right-hand portion of the cement, some 45 feet north of the

plaintiff's car, and a wheel mark on the wet cement, about 18 inches from the eastern edge, extended from a little beyond the plaintiff's car to that of the defendant. There was also evidence of wheel tracks in the soft earth, east of the cement, leading northerly to the driveway, and of ''scuffed'' surface of the driveway at or near the place where the plaintiff's car had been situated.

The defendant's evidence tended to show that he was driving northerly at a rate of 20 to 25 miles an hour, and that, when he was about 40 feet from the driveway, the plaintiff suddenly backed her automobile at a rate of about 5 miles an hour for a distance of 5 to 7 feet into the highway in front of him; that he endeavored to avoid the collision by turning to the left almost to the center of the cement, but was unable to do so; that there were certain circular marks in the cement just opposite the driveway, which indicated that an automobile had been swung around to the north at that point; and that the wheel marks on the earth at the eastern side of the cement might have been caused by the police automobile which had been parked there after the accident. Both parties agreed that the plaintiff's automobile was struck at the rear right wheel and fender by the front right wheel and fender of the defendant's car.

The trial court gave the following instruction to the jury: ''Now it was her (the plaintiff's) duty, if she was backing into the street, to look and find her way clear of all obstacles and traffic, and in backing she would be responsible for traffic in both directions. Now that means that a person backing into the street must yield precedence to cars coming from either direction. In backing into the street a person must use the care of a careful and prudent person, and as we just said, yield precedence to cars coming from either direction. It is their duty to look both ways and to anticipate such dangers as would be anticipated by a careful and prudent person. Now the plaintiff says that she did look. A person is presumed in law to have seen what he should have seen had his observation been careful and attentive. So, as we have said, it was the duty of the plaintiff to make prudent observations to her right and her left before going into the highway. But she was not obliged to look further or anticipate more than a careful and prudent person would have seen by looking or have anticipated before she could back into the highway. * * * Well you weigh her conduct as the

evidence discloses it. If she backed out from her private driveway on to the cement highway, and was her conduct that of a careful and prudent person, remembering all the time, gentlemen, that when a person says they looked, the law presumes that they saw those things which they should have seen had they looked carefully and attentively?''

An exception was taken to the foregoing instruction on the grounds that upon the theory upon which the case had been tried and argued the plaintiff could recover only if her car was off the cement road at the time of the accident, and that the charge, in disregarding the position of the car, was error; and that the undisputed evidence was that she did not look at the highway.

■ ■ The instruction was error. It brought into the case an issue not made by the pleadings or the evidence. The only charge of negligence made by the declaration was that the defendant drove out of the highway and upon the private drive, and there collided with the plaintiff's automobile which was standing motionless. There was no question of contributory negligence on the part of the plaintiff in failing to look up or down the highway, because if she kept her car upon her own premises, she was under no obligation to do so. She must recover, if at all, only by supporting the allegations of her declaration, for cases are tried in court upon the issues joined by the parties. *Brown* v. *Aitken,* 90 Vt. 569, 573, 99 Atl. 265. Unless she should prove, by the requisite degree of persuasion, that the accident happened in the private driveway in the manner alleged, she would not be entitled to a verdict. Under the charge the jury were given the right to consider question of her negligence, if as the defendant claimed, she had backed into the highway; and, even so, the evidence was misquoted, because the plaintiff testified that she did not look. The evidence upon this point being all one way, there would have been nothing to submit to the jury, if it had been an issue. Since the verdict was general, it is impossible to say upon which theory the case was decided by the jury.

■ But the plaintiff says that the error, if any, was cured by the failure of the defendant to except to a supplemental instruction, given after the completion of the charge, in which the court said: ''I read to you the regulations regarding the backing of a car, saying that the driver of a motor vehicle must not back same until after he has looked and found his way

clear of all obstacles and traffic. A person backing shall be responsible for traffic in both directions. This applies when one is backing on a public highway. If they are out in their own field, that doesn't apply. Now, it is claimed by the evidence of the defendant that the plaintiff was on the highway at the time of the accident and the car gone up on the concrete. If that is the fact established by the evidence, before she went into the highway it was the duty of the plaintiff to look north and south for approaching cars, and if she did not look then that failure on her part would be negligence. But on her own land and before she went into the highway, which she says was the situation, she wasn't obliged to look, because you see as long as she was off the highway on her own land there was no possibility that she could come in conflict with a car traveling on the cement.''

It is very clear that this supplemental instruction, so far as the question of contributory negligence in failing to look was concerned, was not a modification or correction of the original charge, but was merely a reiteration of the objectionable part of it. The defendant is, therefore, entitled to the benefit of his exception, although it was not renewed. *Dodge Bros.* v. *C. V. Ry. Co.*, 92 Vt. 454, 459, 104 Atl. 873.

It is not necessary to consider the ground of exception which refers to the question of the defendant's negligence, if the accident took place, as he claims, upon the cement highway.

*Judgment reversed, and cause remanded.*