## Germain Choiniere v. Stanley Sulikowski

[ 229 A.2d 305 ]

February Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed April 4, 1967

*Lee E. Emerson* for plaintiff.

*Downs & Rachlin* for defendant.

**Holden, C.J.** The plaintiff seeks recovery for injuries sustained in an automobile collision on U.S. Route 5 in the Town of Sutton, Vermont, on April 3, 1964. The complaint charges the defendant was negligent in operating at a reckless speed, operating on the left side of the public highway and failure to maintain proper control on a slippery road surface. He alleges the defendant's negligent operation caused his vehicle to skid into the plaintiff's car, producing the injuries for which recovery is sought. The defendant denied each allegation of the complaint. The answer also alleged contributory negligence without specifying any facts upon which the claim is laid.

The evidence produced at the trial indicates a wet snow was falling and the surface of the highway was slippery and slushy at the time of the accident which occurred at eleven in the forenoon. The plaintiff, while riding alone, was proceeding south in a new car equipped with winter tires. His speed was about forty miles an hour.

The defendant was traveling north on the same highway operating a vehicle owned by his uncle, Felix Kobylanski. Mr. Kobylanski and

the defendant's fifteen year old son were seated on the front seat with the defendant at the time of the accident. The defendant's wife and his mother-in-law were also passengers and were seated on the rear seat of the Kobylanski vehicle.

The accident occurred at the south end of double curves which wind gradually to the north in the shape of an elongated inverted S. The defendant was unable to negotiate a right turn at the crest of the grade at the apex of the first curve.

The evidence is undisputed that the defendant's vehicle was in a skid, crossing the plaintiff's side of the road, at a speed of about forty miles per hour when the defendant first observed the plaintiff approaching from the north. The right front sections of both vehicles came into collision at the west edge of the traveled surface. After the impact the plaintiff's car came to rest, headed north, astride the center line and roughly parallel to, and fifteen feet distant from the defendant's vehicle.

The plaintiff testified he was suddenly confronted by the defendant's vehicle skidding across his lane of travel at the crest of the grade. He offered evidence to establish that, as he approached this point from the north, the defendant's car was directly in front of him, moving at a speed in excess of forty miles an hour.

The defendant's evidence consisted of his testimony and that of his wife. According to their evidence the plaintiff's car was some one hundred sixty feet away when it first came into the view of those in the defendant's car. They testified that the vehicle operated by the defendant had come to a complete halt in the snow bank prior to the collision. Before the defendant or his passengers had alighted from the car, it was struck by the plaintiff's vehicle.

After the evidence was completed, defendant's counsel conceded in final argument that the defendant's operation of his vehicle was negligent. Despite this concession, the court, at the opening of its charge, instructed the jury:

> "Three principal issues concern you here in this case; the first is, was the defendant negligent, and, if so, was his negligence the proximate cause of the injuries suffered by the plaintiff; the second issue, assuming that you find the defendant negligent and that his negligence was a proximate cause, is whether or not the plaintiff was contributorily negligent, his contributory negligence being proximate cause of his injuries; and the third issue, if you de-

termine the first two in favor of the plaintiff, is the amount of damage which he has suffered as a result of this accident."

The plaintiff objected to the court's submission of the issue of the defendant's negligence to the jury. In this appeal from a verdict and judgment for the defendant, the plaintiff relies on this aspect of the instruction as prejudicial error, which confused and misled the jury.

■■ The statement by counsel in arguing the case to the jury was a judicial admission of the defendant's negligence. After this concession, it was error for the court to submit the question for the jury's consideration. *Packard* v. *Quesnel,* 112 Vt. 175, 179, 22 A.2d 164.

The defendant acknowledges that the instructions at the outset, and later at the close, enumerated the defendant's negligence as one of the issues for the jury to determine. However, he maintains these errors were cured by an intervening instruction which correctly set the issues straight and prevented the jury from being misled.

■ The defendant properly urges that error is not to be read into the charge by isolating small segments of it. Instructions are not to be considered piecemeal, but rather by their general content. And "if as a whole, it breathes the true spirit and doctrine of the law, and there is no fair ground to say that the jury has been misled by it, it ought to stand." *In re Moxley's Will,* 103 Vt. 100, 114. Thus, we are called upon to examine the full context of the charge, to determine whether the case was fairly and properly submitted.

The passage upon which the defendant relies stated to the jury:

"Defendant's counsel in argument conceded that the defendant's actions were negligent, but denied that they were the proximate cause of the accident claiming, in effect, that the force of this negligence had come to rest or spent itself so that it became merely a condition and not the cause. If you find from all the evidence in the case that the defendant's car here had come to rest before the collision, and that the plaintiff saw it, or should have seen it, in time so that by exercising reasonable care, he could have avoided the accident, then the defendant's negligence is not the proximate cause of the accident, and your verdict must be for the defendant. If you find, however, that the defendant's car continued in motion until it was too late for the plaintiff to prevent the accident, then the defendant's conceded negligence is the prox-

imate cause, and you will pass on to the question of whether or not the plaintiff was contributorily negligent."

This aspect of the instructions enabled the jury to determine that the primary negligence of the defendant in creating the dangerous situation was remote. It permitted a finding that the failure of the plaintiff to avert the accident after discovering the danger into which the defendant had led him, was the single efficient cause of his injury. The burden of proving the affirmative of this issue was assigned to the plaintiff.

The sudden crossing of the plaintiff's lane of travel was the very thing which made the defendant's operation negligent. And the defendant was bound to anticipate that such lack of control would produce severe consequences to opposing traffic immediately approaching at short range.

There may be more than one proximate cause concurring to produce an injury. *Wagner, Admr.* v. *Village of Waterbury,* 109 Vt. 368, 376. Where, as here, a concurrent cause is charged against the plaintiff, the question is not one of sole proximate cause. The issue is concurring contributory negligence. By statute, the burden of proof on that issue was on the defendant. 12 V.S.A. §1024 (1959 No. 261 §16) ; *Campbell* v. *Beede,* 124 Vt. 434, 438, 207 A.2d 236.

According to the instructions, the jury was not at liberty to reach the issue of contributory negligence until the plaintiff had established that he could not escape the danger. To call upon the plaintiff to prove that he could not prevent an accident in the presence of an immediate danger of the defendant's creation, misplaced the burden on the issue of contributory negligence. With his own negligence conceded, it was incumbent on the defendant to prove that the plaintiff's want of care in the time available, contributed as a concurring proximate cause to the injury which befell him. *Frenier* v. *Brown,* 116 Vt. 538, 543, 80 A.2d 524; *Hatch* v. *Daniels,* 96 Vt. 89, 94, 117 Atl. 105.

The instruction, upon which the defendant relies as curing the prior error, does not have that capability. Nor is the error made harmless by the disclosure of the jury in seeking further instructions that it had decided both parties to be negligent. This premature announcement does not have the standing of a special verdict. As far as the plaintiff's negligence is concerned, it was reached on an incorrect

statement of the issues and the burden of proof. *Campbell* v. *Beede, supra,* 124 Vt. at 438; *Kinsley* v. *Willis,* 120 Vt. 103, 112, 132 A.2d 163; *Bucklin* v. *Narkwich,* 107 Vt. 168, 173, 177 Atl. 198; *Morse* v. *Ward,* 102 Vt. 433, 436, 150 Atl. 132.

Since a reversal and new trial is required, the plaintiff's second exception to the charge deserves mention. There were four passengers in the defendant's vehicle. The defendant's son and uncle were on the front seat in a position to observe, with the defendant, what took place. During the course of the trial the court indicated to the parties, in the presence of the jury, that these witnesses were equally available to the plaintiff and any explanation of their absence was immaterial. The plaintiff excepted to the court's refusal to comment on the defendant's failure to call his son and uncle as witnesses in his behalf as a matter affecting the defendant's credibility.

■ An inference may be drawn against a party who fails to produce available evidence by way of a witness who would apparently be useful to support his case. *Anderson* v. *Dutton,* 100 Vt. 464, 465, 139 Atl. 210; 2 Wigmore, Evidence §285, p. 162 (3rd Ed.). Relatives of one party are not considered to be equally available to his opponent. And this has been held to be so, even though the witness is present in court. *Anderson* v. *Dutton, supra,* at 468; *Button* v. *Knight,* 95 Vt. 381, 386, 115 Atl. 499; *Seward* v. *Garlin,* 33 Vt. 583, 592.

[■ But the inference which the plaintiff sought to gain is "open always to explanation by circumstances which make some other hypothesis a more natural one than the party's fear of exposure." 2 Wigmore, Evidence §285 (3rd Ed.). Since the defendant's attempt to explain was also excluded, the error may have operated against both parties.

The remaining exceptions principally concern discretionary rulings. There is no showing the court's discretion was exceeded.

■ The claim that there was no evidence to support a verdict for the defendant is settled by our previous consideration of the issue of contributory negligence. While the evidence justified a finding that the defendant's negligence was a continuing and proximate cause of the accident, the question of the plaintiff's concurring negligence was subject to conflicting inferences sufficient to support a verdict for the

defendant, if properly submitted. *Packard* v. *Quesnel, supra,* 112 Vt. at 184; *Healy, Admr.* v. *Moore,* 108 Vt. 324, 345, 187 Atl. 679.

*Judgment reversed and cause remanded.*