## Helen M. Tufts v. Bonnie S. Wyand

[536 A.2d 541]

No. 85-233

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes,\* JJ.**

Opinion Filed October 23, 1987

---

\* Justice Hayes was present at oral argument, but did not participate in the decision.

*Bruce M. Lawlor*, Springfield, for Plaintiff-Appellant.

*Lawrence G. Slason* of *Salmon & Nostrand*, Bellows Falls, for Defendant-Appellee.

**Peck, J.** Plaintiff brought the underlying negligence action after defendant's truck collided with her stalled automobile. The jury found for defendant, and plaintiff appeals the ensuing judgment. We reverse and remand for a new trial.

Plaintiff complains that the trial court erred in refusing to grant her motion for a new trial, arguing that the jury's verdict is contrary to the evidence, contrary to the court's instructions, and contrary to the law of negligence. She also maintains that the trial court failed to charge the jury properly.

On a snowy evening in December of 1982, plaintiff was turning into her driveway when her automobile stalled, blocking the southbound lane of Route 5 in Springfield, Vermont. Approximately five minutes later, defendant's pickup truck collided with the stalled vehicle, and plaintiff incurred personal injuries. At trial, there was conflicting testimony as to whether plaintiff had extinguished her vehicle's headlights prior to the collision, and whether defendant should have seen plaintiff's car in time to avoid hitting it. The court submitted a series of interrogatories to the jury, which found that defendant was negligent but that her negligence was not a proximate cause of plaintiff's injuries.

On appeal, plaintiff contends that the jury's responses to the interrogatories reveal a basic misunderstanding of the evidence and/or the court's instructions. She argues that the facts of this case required a finding of proximate cause once defendant's negligence was established. The question of proximate cause is ordinarily left to the jury, and a finding on this issue will stand " 'unless the proof is so clear that reasonable minds cannot draw different conclusions or where all reasonable minds would construe the facts and circumstances one way.' " *Roberts* v. *State*,

147 Vt. 160, 163, 514 A.2d 694, 696 (1986) (quoting *Schaefer* v. *Elswood Trailer Sales*, 95 Idaho 654, 656, 516 P.2d 1168, 1170 (1973)). We agree with plaintiff that, assuming negligence on the part of defendant, reasonable persons could not differ on the issue of causation.

A finding of proximate cause depends upon a showing that a negligent act or omission was a cause-in-fact of the alleged injury. *Rivers* v. *State*, 133 Vt.11, 14, 328 A.2d 398, 400 (1974). "The law of proximate cause calls for a causal connection between the act for which the defendant is claimed to be responsible and which is alleged to be negligent and the resulting flow of injurious consequences." *Id.* (citation omitted). Here, the causal nexus between defendant's operation of her truck and plaintiff's injuries is readily apparent, and no evidence of an intervening cause was presented at trial. Moreover, the force set in motion by defendant could not reasonably have been construed as insignificant at the time of impact. If there was any negligence on the part of defendant which led, or contributed, to the collision, it is incomprehensible that such negligence was not also a proximate cause of the accident.

It is important to note, however, that more than one act of negligence, each a proximate cause, may combine to produce an injury. *Roberts* v. *State*, 147 Vt. at 164, 514 A.2d at 696 (citing *Choiniere* v. *Sulikowski*, 126 Vt. 274, 278, 229 A.2d 305, 308 (1967)). Faced with the factual situation presented here, a reasonable jury could find that either or both parties were negligent. Insofar as the jury never reached the issues of whether plaintiff was negligent, whether plaintiff's negligence was a proximate cause of her injuries, the percentage of negligence that is ascribed to each party, and whether plaintiff assumed the risk of her injuries, this case must be remanded for a new trial. If the jury finds culpable negligence on the part of both parties, then the doctrine of comparative negligence should be applied and any damages assessed on that basis. 12 V.S.A. § 1036; *Lee* v. *Wheeler*, 130 Vt. 624, 626, 298 A.2d 851, 852 (1972). As a new trial is necessary, we do not reach plaintiff's second claim of error.

*Reversed and remanded for a new trial.*