GEORGE B. MORSE *v.* C. W. WARD.

February Term, 1930.

Present: POWERS, C. J., SLACK, MOULTON, WILLCOX, and THOMPSON, JJ.

Opinion filed May 7, 1930.

434

*Charles B. Adams* and *George L. Hunt* for the defendant.

*J. J. Finn* and *J. Ward Carver* for the plaintiff.

POWERS, C. J.    The plaintiff was employed by the defendant to sell a tract of timber land.    In this arrangement the defendant, who lives in California, was represented by J. W. Bates, whose authority as agent was evidenced by a certain letter from the defendant to him.    The price of the land as therein specified was $50,000.    After some negotiations, the defendant wrote the plaintiff a letter dated March 26, 1927, in which he said:    "It is my understanding that Mr. Bates has quoted you on the land as a whole and divided into two parts, *i.e.*, north part and south part. * * * * * If you haven't the quotations Mr. Bates will no doubt have my letters and can

give them to you again, but if not I will be glad to send you copies.''

With reference to the effect of this letter, the court charged the jury as follows: ''Now after the defendant referred the plaintiff to Mr. Bates as his agent to quote prices and terms, why then the plaintiff was entitled to rely upon what Mr. Bates told him, and the defendant would be estopped from denying the agency of Mr. Bates to represent him to the extent of quoting prices, or the extent of the authority that he gave in that letter. It is for you to say just how much authority was conferred by that letter from defendant to the plaintiff * * * * *.''

The defendant excepted to this instruction on the ground that it was for the jury and not the court to construe the letter, and that the court had, thereby, construed it and construed it erroneously. Thereupon, the court, assuring counsel that it did not intend to construe the letter, gave a supplemental charge as follows: ''It has been suggested that in referring to the letter of March 26, the jury might have understood that the court was construing the language of the letter, * * * *. The court did not do that * * * *. You will understand that it is for you to construe what the intention of the party writing it, and the party receiving it was fairly entitled to understand from it.'' The court then read the letter to the jury.

The defendant excepted to this supplemental charge, concluding with this statement: ''In other words, the defendant is now finding fault solely with the fact that the original charge and the supplemental charge call the attention of the jury to this letter * * * and has not in any way referred to the letter, or to the defendant's claim about the letter, that it purely gives Mr. Bates the right to turn over or quote from Mr. Ward's letters.''

[1] It thus appears that the defendant is not in a position to do more here than to claim that the failure of the court to call the attention of the jury to his interpretation of the letter was reversible error. Having thus restricted the scope of his exception, he cannot now enlarge it. *Prouty* v. *Pellett & Skinner*, 96 Vt. 53, 58, 117 Atl. 373; *Graves* v. *Waitsfield*, 81 Vt. 84, 94, 69 Atl. 137; *McAllister* v. *Benjamin*, 96 Vt. 475, 490, 121 Atl. 263.

■ That it is the duty of the court to conduct a trial with the utmost impartiality and fairness is elementary and fundamental. 14 R. C. L. 773; Vt. Const. Ch. II, § 28. This obligation extends throughout the trial—to the matter of charging the jury as much as to the other incidents of the proceedings. Argumentativeness is to be avoided, and the claims and theories of the parties are to be stated with equal clearness and completeness. It is no part of the court's duty to accentuate or give undue prominence to any fact, claim, or circumstance, and to do so may result in prejudicial error. The charge should be full, fair and correct on all issues, theories, and claims within the pleadings, so far as the evidence requires.

■ It is to be noted here that the original charge regarding the letter of March 26, came very near to being tantamount to a direction for a plaintiff's verdict—at least, it was easily susceptible of that construction. We are not here concerned with the question whether the construction of that letter was for the court or the jury, since the court expressly instructed the jury that the meaning of the letter was for them to determine. But nowhere in the original or in the supplemental charge did the court call attention to the defendant's claim as to the correct interpretation of the letter, or indicate that it was susceptible of the construction so claimed for it. The letter was a vital factor in the evidence. The rights of the parties depended largely, if not wholly, upon its legal effect. The plaintiff's construction of it had been fully and clearly brought to the jury's attention. In the circumstances, the defendant had the right to have his claim about it made equally plain by the court. We think he must have been prejudiced by the failure to do this, and the exception is sustained.

*Judgment reversed, and cause remanded.*