# June Cadel v. Sherburne Corporation

[425 A.2d 546]

No. 438-79

Present: Barney, C.J., Daley, Larrow and Hill, JJ., and Jenkins,
District Judge, Specially Assigned

Opinion Filed November 5, 1980

Motion for Reargument Denied December 8, 1980

*Bloomer and Bloomer*, Rutland, for Plaintiff.

*Miller, Norton & Cleary, John Paul Faignant* (On the Brief), Rutland, for Defendant.

Larrow, J. Plaintiff appeals from an adverse judgment, after jury verdict in her action for injuries received while skiing. She claimed negligence and breach of warranty by the defendant in leasing and fitting to her boots, skis and release bindings, so-called, which failed to release when she fell. Causation of a knee injury appears to have been the principal issue at trial. The defendant contended her injuries resulted from her fall, an inherent risk of skiing rather than any defects in the bindings or their adjustment.

Plaintiff briefs three assignments of error, two relating to testimony by an expert witness for the defendant and the third to repetition by the court of a portion of its charge, relating to risks inherent in the sport of skiing. Our disposition of these claims makes it unnecessary to consider defendant's contention that a verdict in its favor should have been directed in any event.

The expert involved had been qualified as a mechanical engineer, consultant to the skiing industry, and an equipment advisor. His qualifications are not challenged in this appeal. After testifying as to the identity of other persons considered by him to be experts in the general field, he was permitted, over objection, to testify that he knew of no one who was an expert in ski bindings and adjustment systems who did not share his opinion. The opinion in question was that there was no causal relationship between the bindings and the injury received by the plaintiff. The objection was based on the hearsay rule. In our view it was well taken.

In seeking to justify the admission into evidence of the contested testimony, defendant draws our attention to the provisions of Rule 703 of the Federal Rules of Evidence and of the Uniform Rules of Evidence, the adoption of which has been proposed to this Court by report of its Advisory Committee. That rule, it is true, permits reliance by an expert upon

facts or data not admissible in evidence, but reasonably relied upon by experts in the field. And it seems to be in accord with existing law in this jurisdiction. See 12 V.S.A. § 1643, and *Lambert* v. *Fuller,* 131 Vt. 181, 303 A.2d 471 (1973). But the question here is not what data an expert may rely upon, but what data he may put into evidence. And we have clearly held that corroboration of an expert witness, upon examination-in-chief, is not permissible. *Baldwin* v. *Gaines,* 92 Vt. 61, 64–65, 102 A. 338, 340 (1917). Its use is permitted only to impeach a witness who has testified, on direct, to his reliance upon it. That subject matter is covered in the Federal and Uniform Rules in Rule 803(18). Those rules permit the use of recognized treatises on direct examination as well. But our own Advisory Committee's report does not go so far. It would permit their use only if "called to the attention of an expert witness upon cross-examination." Even if adopted, the proposed rule would not permit the clearly hearsay answer elicited in the present case. Its admission was error.

■ It does not follow automatically, however, that error warrants reversal. The burden is upon the excepting party to show that the error resulted in prejudice. *Monti* v. *Town of Northfield,* 135 Vt. 97, 369 A.2d 1373 (1977); *Vermont Salvage Corp.* v. *Northern Oil Co.,* 118 Vt. 337, 109 A.2d 267 (1954). This point is not briefed by the appellant, beyond a claim that the result is "obviously prejudicial," and the statement one to which the jury would attach great significance. It is not claimed that this purported agreement by other experts was stressed in argument. And a perusal of the jury instructions reveals no mention of it, the charge being couched only in the usual terminology with respect to the weight to be given expert opinions. Beyond this, the statement was contradicted by one of plaintiff's own witnesses, who stated that he had based his own opinion upon, and was corroborated by, the opinion of an expert acknowledged by defendant's witness to be authoritative in the field. We are not persuaded that the statement in question, though inadmissible, was a significant factor in the jury's determination of the issue of causation. Error appears, but reason for reversal does not.

■ Plaintiff's second assignment of error dealing with the expert testimony is based upon the defendant's expert "giving

his opinion on an ultimate issue of fact to be decided by the jury." The question objected to, and answered in the affirmative, was whether the type of injury sustained by the plaintiff was an inherent risk of the sport of skiing. Whatever the previous state of the law in this jurisdiction, we regard this question as laid to rest by *State* v. *Norton,* 134 Vt. 100, 353 A.2d 324 (1976), in which we expressed our adherence to the belief that opinion evidence otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. Accord, Fed. R. of Evid. 704, Uniform Rule of Evidence 704, Vt. R. Evid. 704 (proposed).

■ Plaintiff's third claim of error is addressed to the supplemental charge of the trial court. The portion objected to reads as follows:

> And so that there is no misunderstanding, I am going to reiterate a portion of the charge and that is a person who takes part in any sport accepts as a matter of law the dangers that are inherent therein insofar as they are obvious and necessary. While skiers fall as a matter of common knowledge, that does not make every injury a danger inherent in the sport, and if there is no breach of duty on the part of the defendant there can be no recovery and in such a case you would simply fill out the general verdict form for the defendant.

The content of the supplemental charge is not objected to. The plaintiff simply claims that its reiteration is argumentative within the admonition of *Morse* v. *Ward,* 102 Vt. 433, 150 A. 132 (1930), and unduly emphasizes defendant's theory within the rule of *Gero* v. *John Hancock Mutual Life Ins. Co.,* 111 Vt. 462, 18 A.2d 154 (1941). We do not so read it. As given, it was coupled with an instruction relative to interest, agreed to as necessary by the parties, and a further instruction relative to claimed negligence by the defendant not being assumed by the plaintiff. The standard of ordinary care applicable to the plaintiff with respect to risks not assumed or inherent was also explained. Both the original charge and the supplemental charge, in our judgment, set out the respective rights of the parties without undue emphasis, and breathed "the true spirit and doctrine of the law." *Choiniere* v. *Suli-*

*kowski,* 126 Vt. 274, 277, 229 A.2d 305, 307 (1967). It was not even close to being tantamount to a directed verdict, as we found to be the case in *Morse* v. *Ward, supra.* The trial court expressed its desire to avoid undue emphasis, and our reading of the record indicates achievement of that end. No error appears in the supplemental charge.

Our disposition of plaintiff's claims of error renders unnecessary any consideration of defendant's contention that a verdict should have been directed in any event. The verdict by the jury establishes the same result. *Krulee* v. *F. C. Huyck & Sons,* 121 Vt. 299, 156 A.2d 74 (1959).

*Judgment affirmed.*