Gerard Trudeau v. William H. Conway, Jr., Individually
and as Commissioner of Motor Vehicles

[423 A.2d 854]

[No. 39-80]

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1980

*Gerard Trudeau*, pro se, Middlebury, Plaintiff.

*M. Jerome Diamond*, Attorney General, and *Thomas A. Mc-Cormick*, Assistant Attorney General, Montpelier, for Defendant.

Billings, J. The plaintiff brought an action in Vermont District Court, Unit No. 2, Addison Circuit for a refund of the purchase and use tax he paid in connection with the purchase of a 1979 Jeep Wagoneer and the subsequent sale of a 1978 Jeep Wagoneer. The court rendered judgment for the plaintiff and the defendant appeals.

The defendant claims that under V.R.C.P. 75 the superior court was the proper forum for the action, and that the district court lacked jurisdiction. The defendant also claims that the findings of fact and conclusions of law are not supported by the evidence, and finally, that if the plaintiff were entitled to a refund, the trial court's computation of the amount due was incorrect.

The defendant argues that under 32 V.S.A. § 8914 the Commissioner has the discretion to determine the amount of any

tax refund. This section provides: "Refund. Any overpayment of such tax as determined by the commissioner shall be refunded." The defendant then argues that any review of the determination by the commissioner is in the nature of a petition for certiorari, and that the action is therefore governed by V.R.C.P. 75. This would mean that only the superior court would have jurisdiction over the claim.

■ The governing statute for this action, however, is 32 V.S.A. § 509, which provides:

> Overpayment; refund. An officer of the state, of a board or commission receiving money in payment of an obligation due the state, the board or commission, when an overpayment is made, shall forthwith refund to that person the amount of such overpayment when demand is made. A person who has made such overpayment to the state, board or commission may recover the amount of the money in an action of contract on this statute. . . .

It is clear from the record that the plaintiff based his complaint on 32 V.S.A. § 509, and it is an action in contract. The district court has jurisdiction of such actions, 4 V.S.A. § 442(a), and it is within the permissible jurisdictional amount of damages. 4 V.S.A. § 437. The district court had jurisdiction of the plaintiff's claim.

■■ Conflicting evidence was introduced at trial as to whether or not the plaintiff transferred the 1978 Jeep to his wife at the time he purchased the 1979 Jeep. The trial court found that the plaintiff had not transferred the 1978 Jeep to his wife, but sold it to a third party for $7,500 shortly after buying the 1979 Jeep. Findings of fact challenged on appeal will not be overturned unless clearly erroneous, taking the evidence in the light most favorable to the prevailing party and excluding the effect of modifying evidence. *Frogate* v. *Kissell*, 138 Vt. 167, 169, 412 A.2d 1138, 1139 (1980). The weight and credibility of the evidence and its persuasive effect are for the trier of fact. *Id.* at 169, 412 A.2d at 1140; *Schwartz* v. *Town of Norwich*, 137 Vt. 130, 131, 400 A.2d 991, 992 (1979). The findings of fact of the trial court are amply supported and no error appears.

Finally, the defendant claims error in the amount of refund due. 32 V.S.A. § 8902(5)(B) provides that the taxable cost is the purchase price of the new vehicle less the sales price of the old vehicle. 32 V.S.A. § 8903(a) imposes a tax of the lesser of four percent of the taxable cost or $300.00. On the record here the taxable cost is $2,000 and the correct purchase and use tax is $80. The trial court's computation of the refund due at $300 was incorrect, and the judgment must be amended in the principal amount to $220.

*Judgment affirmed in the amended principal amount of $220.*