Doris Kinney and Milton Kinney, et al. v. J. Elllsworth Johnson

[454 A.2d 1238]

No. 361-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed December 1, 1982

300

*John D. Shullenberger,* Vermont Legal Aid, Inc., Burlington, for Plaintiffs-Appellees.

*Hanford G. Davis,* Brandon, for Defendant-Appellant.

Barney, C.J. This case was tried on the issue of the availability of an adequate water supply to the plaintiffs' home at the Cove Point Trailer Park. A jury returned a verdict for the plaintiffs, awarding compensatory damages of $1500. The defendant, owner of the trailer park, directs his appeal to the allegedly erroneous admission of three types of evidence: (1) opinion testimony by the plaintiffs' water systems expert; (2) records of the Vermont Health Department, several of which were admitted for a limited purpose; and (3) Vermont Health Department memorandum allegedly prepared with this litigation in mind.

The central dispute here concerns the permissible limits of an expert's testimony. This is apparent from a brief review of the arguments at trial. Plaintiffs qualified their expert as an

environmental health engineer with the Vermont Department of Health. The expert's credentials were not then and are not now in dispute. However, when plaintiffs sought to question the expert regarding problems with the Cove Point Trailer Park water supply, the defendant objected on hearsay grounds. The expert, it developed, had not personally examined the water system but instead was relying on field investigations and reports authored by civil engineers in his employ. Before making its rulings, the trial court heard arguments both in chambers and before the jury on the question of admissibility. The appellant directs his entire brief on appeal to the subsequent trial court rulings.

In order to address the claimed errors, it is necessary to review the exhibits in issue:

Exhibit 1, dated April 17, 1980, contained the plaintiffs' expert's recommendations for improving the water system. It was the last exhibit admitted, coming in only after a number of other exhibits were admitted to provide a proper foundation.

Exhibit 2, dated March 28, 1980, was an in-house memorandum concerning a meeting between defendant and a state sanitary engineer employed by the Health Department.

Exhibits 3, 4 and 5, all dated March 13, 1980, concerned anonymous phone complaints about conditions at Cove Point, one received by the testifying expert and the other apparently by the expert's supervisor. Also admitted was an internal departmental memo regarding the need to investigate Cove Point. All three exhibits were admitted "for the limited purpose of showing that calls were received, but not for the fact of what the conversations were supposed to be about."

Exhibits 8 and 9, dated respectively in July and June, 1977, are both letters to the defendant regarding deficiencies in the water supply system which the plaintiffs alleged were early manifestations of the same chronic water shortage.

Exhibits 2 through 9 were all offered as business records of the Vermont Department of Health. The uncontradicted testimony was that they were true and accurate copies of reports on file in the Department, normally and regularly prepared after evaluations of water systems. On the basis of the record presented this Court on appeal, we agree that such

documents are within the ambit of business records and therefore subject to the strictures of 12 V.S.A. § 1700 (Uniform Business Records as Evidence Act) and 12 V.S.A. § 1701 (Uniform Photographic Copies of Business and Public Records as Evidence Act). The admissibility of documentary evidence is a matter to which we necessarily accord considerable discretion to the trial court judge. The trial court is clearly in the best position to review the proposed submissions and the circumstances surrounding their preparation. *Westinghouse Electric Supply Co.* v. *B. L. Allen, Inc.*, 138 Vt. 84, 413 A.2d 122 (1980); *Colonial Plumbing Corp.* v. *Solar Heating, Inc.*, 133 Vt. 82, 329 A.2d 638 (1974); see also *State* v. *Colby*, 139 Vt. 475, 431 A.2d 462 (1981).

■ Defendant challenges exhibits 2, 3, 4, 5, 8 and 9 as hearsay, not properly admissible as business records. Turning first to exhibit 2, defendant concedes that it was "possibly" admissible as a business record since it was "apparently written by one who was under a duty to report the information contained therein." As noted above, this exhibit was a report prepared by a Department of Health field inspector to his supervisor, summarizing the results of an on-site review and meeting with the defendant. We see no merit to defendant's contention that, since it was prepared with this litigation in mind, exhibit 2 should be excluded. Even if the allegations were true, they would not affect the document's admissibility. Information collected by state agencies is frequently offered into evidence when the topic becomes a subject of controversy. Moreover, the allegation is made completely without reference to support in the record and is not even an issue properly preserved for appeal. *DeGrechie* v. *DeGrechie*, 137 Vt. 373, 406 A.2d 385 (1979); *Gardner* v. *West-Col, Inc.*, 136 Vt. 381, 392 A.2d 383 (1978); V.R.C.P. 46.

■ Exhibits 3, 4 and 5 were all admitted for the limited purpose of proving that phone calls were received. The callers were neither identified nor examined in court; thus, any hearsay problems were avoided by this limited admissibility. Defendant argues that these were not business records since they are not akin to regular, chronological entries "in some sort of book of account." In support, he cites us to *Barber* v.

*Bennett,* 58 Vt. 476, 4 A. 231 (1886), which held inadmissible a "loose strip of paper upon which entries [of disputed accounts] were made." *Id.* at 482, 4 A. at 235. Not only is *Barber* obviously distinguishable, for here we have regularly filed and indexed memos on Department letterhead, but additionally defendant misapprehends the purpose of 12 V.S.A. § 1700 and the trend toward less stringent admission prerequisites over the last one hundred years. See, e.g., *Colonial Plumbing Corp.* v. *Solar Heating, Inc., supra.* Defendant's argument must therefore fail.

■■ Finally, it is asserted that exhibits 3, 4 and 5, going as they do to the alleged inadequacy of the water supply, might have been considered substantively by the jury despite their cautionary instructions, particularly since these documents have the imprimatur of the "Sovereign State of Vermont." We are unable to review the limiting instructions which may have been given since only a partial transcript was prepared and submitted by the defendant. In that defendant bears both the obligation of submission and the risk of deficiency in the record, *Drennan* v. *Mountain Trust Co.,* 140 Vt. 137, 138, 435 A.2d 959, 960 (1981), we will not speculate that the jury inappropriately reached their verdict. Defendant likens the evidence adduced at trial to a "toss-up" which tipped in favor of plaintiffs because of the presence of the expert witness. As a Vermont state employee, defendant argues, the expert was somehow more credible and persuasive than defendant's witnesses. Needless to say, state employees frequently testify at trials without skewing the results. Moreover, defendant offers no support for his allegations. Mere argument such as this falls far short of showing that the jury determination was improper. *Trudeau* v. *Conway,* 139 Vt. 167, 168, 423 A.2d 854, 855 (1980).

■ Exhibits 8 and 9 were challenged below and on appeal on the basis of relevancy, since they were dated 1977, at least one year prior to the events giving rise to this litigation. Defendant concedes these documents are "relatively unimportant" unless read in conjunction with other inadmissible exhibits. Our holding above that the other exhibits are admissible disposes of this aspect of defendant's argument, leaving

only the time factor to consider. In this regard we note that plaintiffs' complaint includes a prayer for punitive damages. Plaintiffs alleged that the Cove Point Trailer Park water supply system was not only in disrepair, but that it had not been functioning properly over a period of years. This allegation is sufficient to overcome the threshold challenge on the basis of relevancy. We note also that punitive damages were not awarded; thus defendant appears correct in stating that "perhaps . . . their admission was harmless."

■ We return now to exhibit 1, a two-page memorandum by plaintiffs' expert, summarizing "recent Health Dept. inspections of the park and recommendations for correcting problems." The data used by the water systems expert came from and was credited to engineers in the expert's department. Defendant asserts without argument that exhibit 1 is inadmissible under the rule in *Cadel* v. *Sherburne Corp.*, 139 Vt. 134, 425 A.2d 546 (1980). Among other things, however, *Cadel* holds that the "burden is upon the excepting party to show that the error resulted in prejudice." *Id.* at 136, 425 A.2d at 547. Defendant has shown neither error nor prejudice. The facts and data used by plaintiffs' witness appear to be reasonably relied on by experts in the field, and the expression of opinion on an ultimate issue, if otherwise admissible, is not error. *Id.* at 137, 425 A.2d at 547–48. Under the rule of this jurisdiction, we hold that plaintiffs' expert was correctly permitted to testify regarding conclusions he reached on the basis of reports prepared in the regular course of business by his employees. *Lambert* v. *Fuller*, 131 Vt. 181, 202 A.2d 471 (1973).

*Judgment affirmed.*