## Marc Riess; Marsha Clarkson v. A.O. Smith Corp. & White-Rodgers Valve Co. & Pyrofax Gas Corp.

[556 A.2d 68]

No. 87-012

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed November 10, 1988

*Pierson, Affolter & Wadhams*, Burlington, for Plaintiffs-Appellees.

*Richard A. Hull* and *Lisa Chalidze* of *Dick, Hackel & Hull*, Rutland, for Defendant-Appellant Pyrofax Gas Corp.

**Dooley, J.** This case involves the extent to which V.R.E. 704 authorizes an expert witness to give an opinion on ultimate issues in a negligence case. In holding that the evidence in this case went beyond the limits of that allowable under V.R.E. 704, we reverse the decision to admit the evidence.

Marc Riess and Marsha Clarkson, plaintiffs below and appellees here, owned a house in Middlebury, Vermont. At 4:30 on the morning of January 2, 1982, the house was engulfed by an explosion and fire. The accident was caused by the ignition of propane, which had leaked into the basement of the house. Plaintiffs alleged that the leak occurred through the fault of either defendants A.O. Smith Corporation and White-Rogers Valve Division of Emerson Electric Company (hereinafter Smith), or defendant (appellant here) Pyrofax Gas Corp. (hereinafter Pyrofax).

The thermostatic heater control on the hot water heater, installed and manufactured by Smith, became a virtual "flame thrower." Either this control unit (supplied by Smith) itself failed, or the "regulator" attached to the high-pressure tank outside of the house (installed by Pyrofax) failed. Whichever unit ceased to function, its failure caused a build-up of natural gas, an explosion, and the resulting fire. Much evidence and testimony was presented to prove which defendant was the cause of the accident and resulting damage.

Plaintiffs' own expert testified that Smith's valve was defective and caused the explosion and fire. This witness went so far as to exculpate Pyrofax. Plaintiffs then called Smith's expert, who testified, in great detail, that the regulator on the tank outside the home failed and caused the explosion and fire. While both theories were supported by much testimony and evidence, there was very little evidence on the issue of causation. The question the jury had to answer was: which valve failed, the one on the hot water heater or the one on the high pressure tank outside? Appellant's objection was to two questions to Smith's expert witness which went to the ultimate issue to be decided by the jury.

The pertinent colloquy was:

> Q. (by plaintiffs' attorney) Do you believe that it was negligence on Pyrofax's part in its installation and protection of the regulator?

> MR. HULL: That's the ultimate issue. Object.

THE COURT: I believe the rule now permits that kind of a question to an expert witness.

THE WITNESS: Yes, I do believe they were negligent.

Q. What is your judgment as to whether that negligence was the proximate cause of this fire at the Riess's home?

MR. HULL: Same objection, your Honor.

THE WITNESS: It was.

THE COURT: Yes. I understand your objection. I'm going to permit the answer.

WITNESS: Yes, it was.

The jury found Smith neither negligent nor in breach of implied warranties, and found Pryofax negligent. Pyrofax made timely motions for a directed verdict and judgment notwithstanding the verdict, which were denied. Judgment was entered on behalf of plaintiffs.

V.R.E. 704 provides that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Plaintiffs assert that V.R.E. 704 makes the expert testimony quoted above admissible. Pyrofax, on the other hand, argues that the testimony went beyond that allowable under the rule because it was not "otherwise admissible" and did more than "embrace" an ultimate issue.

Rule 704 is based in part on this Court's decision in *Cadel* v. *Sherburne Corp.*, 139 Vt. 134, 425 A.2d 546 (1980), and *State* v. *Norton*, 134 Vt. 100, 353 A.2d 324 (1976). See Reporter's Notes to V.R.E. 704. In *Cadel*, the plaintiff assigned error to the giving of expert testimony on the ultimate issue of fact to be decided by the jury. The question asked and allowed was whether the plaintiff's injury was "an inherent risk" of the sport of skiing. The *Cadel* Court, relying on *Norton*, expressed its continuing "adherence to the belief that opinion evidence otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." 139 Vt. at 137, 425 A.2d at 547-48. In *Norton*, the defendant objected to evidence by arresting officers "that he was under the influence of intoxicating liquor." 134 Vt. at 101, 353 A.2d at 325. The *Norton* Court described the trend of

authority on the admissibility of testimony going to the ultimate issue in a case:

> The credibility of the witnesses and the weight to be given their testimony is the sole province of the jury. They may accept or reject, in whole or in part, the testimony of any witness. Opinion evidence has no probative value greater than the reasons which support it. It does not establish a material fact as a matter of law and is not of controlling effect. And, a finding favorable to the party producing it is not mandated.
>
> The defendant's argument that the opinion testimony invaded the province of the jury . . . conflicts with the unmistakable trend of authority that testimony should not be excluded solely because it amounts to an opinion as to the ultimate facts. . . . Many forms of testimony go directly to the issues to be decided by the trier of fact . . . . The judge must decide whether such an objection is meaningful or is merely "empty rhetoric."

*Id.* at 103-04, 353 A.2d at 326 (citations omitted) (quoting 7 Wigmore on Evidence § 1920, at 17 (1940)). We cannot, however, stop our analysis here.

The Reporter's Notes to V.R.E. 704 suggest that "testimony that gratuitously tells the jury what conclusion to reach or that is expressed in misleading legal terminology" may be excluded. See also *Town of Brighton* v. *Griffin*, 148 Vt. 264, 271, 532 A.2d 1292, 1296 (1987) (a witness may not give an opinion on a question of law). The Vermont Reporter's Notes cite to the Federal Advisory Committee's Note to Fed. R. Evid. 704 (identical to V.R.E. 704), which states:

> The abolition of the ultimate issue rule does not lower the bars so as to admit all opinions. Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day. They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria . . . .

(Citation omitted.) Other courts have addressed this issue.

In *Owen* v. *Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983), Fed. R. Evid. 704 was held to not "open the door to all opinions. [Q]uestions which would merely allow the witness to tell the jury what result to reach are not permitted. Nor is the rule intended to allow a witness to give legal conclusions." (citing *United States* v. *Fogg*, 652 F.2d 551, 557 (5th Cir. 1981), *cert. denied*, 456 U.S. 905 (1982), and *United States* v. *Milton*, 555 F.2d 1198, 1203 (5th Cir. 1977)).

In *Kerr-McGee*, the defendant's attorney asked its expert witness for an opinion on the cause of the accident involved in the case. The Fifth Circuit Court of Appeals agreed that the answer was inadmissible: "A direct response, whether it be negative or affirmative, would supply the jury with no information other than the expert's view of how its verdict should read. . . . [A]llowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant." *Kerr-McGee*, 698 F.2d at 240. The court further held that a similar question, allowed by the trial court, was properly admitted because it asserted "a factual, not a legal, conclusion." *Id.*

The cases decided under Fed. R. Evid. 704, and state adoptions of this rule, have generally followed the *Kerr-McGee* holding and excluded questions like those asked to the expert in the case at bar. In *Gramling* v. *Jennings*, 274 Ark. 346, 625 S.W.2d 463 (1981), the court held it was error to allow the expert witness for the defendant in a medical malpractice case to testify that the defendant doctor was not negligent. The court held that the testimony did more than "embrace" the ultimate issue — it was "a bald statement of an opinion as to the ultimate issue." *Id.* at 349, 625 S.W.2d at 464. In *Tiedemann* v. *Radiation Therapy Consultants, P.C.*, 299 Or. 238, 243, 701 P.2d 440, 444 (1985), the court held that testimony similar to that in *Gramling* is inadmissible because it is "a pure opinion which merely tells the jury which result to reach." See also *Bornn* v. *Madagan*, 414 N.W.2d 646, 649 (Iowa Ct. App. 1987) (Snell, J.: testimony that automobile accident was caused by defendant's failure to yield the right of way properly excluded as "a legal conclusion on domestic law"); *Dale* v. *Bridges*, 507 So. 2d 375, 378 (Miss. 1987) (testimony about who was "at fault" in automobile accident excludable as allowing "the witness to tell jury what result to reach"); *Murrow* v. *Daniels*, 85 N.C. App. 401, 408, 355 S.E.2d 204, 209 (1987), *rev'd on other*

*grounds*, 321 N.C. 494, 364 S.E.2d 392 (1988) (error to allow witness to testify that defendant's actions were gross negligence because testimony was a "legal conclusion"); *Deleon* v. *Louder*, 743 S.W.2d 357, 361 (Tex. Ct. App. 1987) (testimony that plaintiff's conduct was "proximate cause" of accident erroneously admitted because "it involved a legal definition"). But see *Birchfield* v. *Texarkana Memorial Hospital*, 747 S.W.2d 361, 365 (Tex. 1987) (expert opinion's testimony answering mixed question of law and fact admissible).

On the other hand, where the question involves an ultimate issue, but is not phrased in terminology carrying a precise legal definition that may be at variance with the common meaning of the terms, the decisions allow it. For example, in *Minott* v. *F.W. Cunningham & Sons,* 413 A.2d 1325, 1329-31 (Me. 1980), the court upheld the admission of the testimony of two elevator inspectors that it was the customary practice that the care, custody and control of an elevator being renovated remained with the contractor doing the work until the work was completed. The case involved a wrongful death claim for a man who had fallen down the elevator shaft while the elevator was being renovated. Control of the elevator was an issue in the case. The court held that the trial court had discretion to admit the evidence if it found that the probative value outweighed the possible prejudice. *Id.* at 1330. See also *Bliss* v. *Treece*, 134 Ariz. 516, 518, 658 P.2d 169, 171 (1983) (testimony in automobile accident case that plaintiff was following defendant "too close[ly]" properly admitted); *Downie* v. *Kent Products, Inc.,* 420 Mich. 197, 206, 362 N.W.2d 605, 609 (1984), *modified on other grounds*, 421 Mich. 1202, 367 N.W.2d 831 (1985) (testimony on how to design and operate a machine "safely" properly admitted in case where plaintiff was injured by the operation of the machine).

The questions objected to in the case at bar asked for the ultimate conclusion at law — in effect asking, "should Pryofax lose?" They told the jury what "conclusion to reach" and, at least as to proximate cause, were expressed "in misleading legal terminology." Reporter's Notes to V.R.E. 704. We adopt the majority view on questions like these and hold that it was error to allow them under V.R.E. 704. In adopting this rule, we recognize that this is ordinarily an area of extensive trial court discretion and that some of the possible prejudice can be cured by careful instructions to the jury. See, e.g., *Karns* v. *Emerson Electric Co.*, 817

F.2d 1452, 1459 (10th Cir. 1987). The particular questions and answers in this case were, however, beyond the limit of what the trial court should admit and, in any event, the record shows no use of discretion or attempt to ameliorate the impact on the jury.

Although the admission of the evidence was error, that does not necessarily require reversal. Error is harmless if it "does not affect the substantial rights of the parties." V.R.C.P. 61. The burden is upon the excepting party to show that the error resulted in prejudice. *Cadel* v. *Sherburne Corp.*, 139 Vt. at 136, 425 A.2d at 547.

We are unable in this case to find that the error was harmless. In the examination of the expert, plaintiffs attempted to show that the valve and vent installed by Pyrofax were placed in a way to become exposed to snow and ice and that exposure to the elements caused the valve to malfunction. Much of the testimony was excluded by the trial judge because plaintiffs could not show that there was any ice on the valve at the time of the accident. Thus, the expert's statement that the negligence of Pyrofax in placing the valve was the "proximate cause" of the accident was practically the only evidence on causation. The admission of the evidence affected the substantial rights of Pryofax and requires reversal.

*Reversed and remanded.*