# Ralph Wenzel and Tina Wenzel v. Brault's Mobile Homes, Inc.

[566 A.2d 993]

No. 87-087

Present: Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.) and Springer, D.J. (Ret.) Specially Assigned

Opinion Filed September 8, 1989

*James W. Swift, Susan M. Murray* and *Allison J. Bell* of *Langrock Sperry Parker & Wool*, Middlebury, for Plaintiffs-Appellants.

*Robinson & Austin*, Colchester, for Defendant-Appellee.

**Peck, J.** Plaintiffs appeal from a judgment for defendant after trial to the court on their claim seeking damages for breach of express and implied warranties and violation of Vermont's Consumer Fraud Act, 9 V.S.A. chapter 63. We affirm.

Defendant mobile home dealer sold plaintiffs a mobile home in March of 1984. Plaintiffs brought to defendant's attention various problems with the home, including a leaky sink, cuts in the carpet, a cracked bathtub, and loose paneling. The most

serious of the complaints was a condition known as "crowning" in which the floor is higher in the center of the room than where it meets the exterior walls.

The trial court found that defendant remedied all defects except the crowning, and that defendant minimized the crowning and leveled the floor as much as was possible, leaving only a one-inch difference from the center of the floor to the walls. The court found specifically that such crowning is a normal condition for mobile homes of this type and size. Accordingly, the trial court concluded that there had been no breach of express or implied warranties, and that defendant's conduct did not violate the consumer fraud statute.

The sole issue on appeal is whether the trial court improperly considered an offer by defendant for rescission and return of the purchase price, which plaintiffs did not accept. The trial court noted in its decision that:

> Although the Plaintiffs claim that the mobile home was not fit for the ordinary purposes for which it was intended and not merchantable, Plaintiffs continue to inhabit the home and apparently were unwilling to accept an offer that would involve returning the mobile home and getting their money back.

Also, in discussing defendant's efforts to remedy the defects, the court stated:

> Except for rescinding the transaction, which the Plaintiffs declined to do, there is nothing more that Defendant could do.

Plaintiffs are correct that there was no direct evidence in the record that they had declined an offer to rescind the transaction. On this issue the record reflects only that rescission was not a remedy requested in plaintiffs' prayer for relief, and that Mrs. Wenzel testified that she and her husband still liked this mobile home, despite the problems they had experienced with it.

██ Plaintiffs argue that the court's statements regarding rescission were reversible error. They have the burden of showing that the claimed error resulted in prejudice to them. *Cadel v. Sherburne Corp.*, 139 Vt. 134, 136, 425 A.2d 546, 547 (1980). When a party objecting to a finding was not harmed

by the alleged error in the finding, the objection will not be considered. *Hogel v. Hogel*, 136 Vt. 195, 198, 388 A.2d 369, 370 (1978) (citing *Vermont Marble Co. v. Eastman*, 91 Vt. 425, 440, 101 A. 151, 157 (1917)).

Plaintiffs have not shown that the claimed error was prejudicial. The court found, independently of the questioned findings, that plaintiffs did not prevail on the merits, and plaintiffs do not claim on appeal that the court lacked evidence on which to base that conclusion. Because the questioned findings or comments were superfluous to the decision and caused no prejudice to plaintiffs, even if they were erroneous they are not reversible error. *Town of Lyndon v. Burnett's Contracting Co.*, 138 Vt. 102, 107, 413 A.2d 1204, 1206–07 (1980).

*Affirmed.*