# STATE OF VERMONT

SUPERIOR COURT                      ENVIRONMENTAL DIVISION

Vermont Unit                        Docket No. 101-7-13 Vtec

| | |
|---|---|
| Zaremba Group CU - Jericho | **ENTRY ORDER** |

## Decision on Motions

Stuart Alexander, Amy Beaton Booth, Peter Booth, Susan Bresee, William Bresee, Joe Faryniarz, Susan Filipek, Martin Fisher, Jennifer Hatch, Jeffrey Hill, Laura Hill, Friederike Keating, Sean McCann, Michelle Pinaud, Catherine Stevens, Michael Willey, Donna Wyatt, Sara Youngman, and Jon St. Amour (together, Appellants) appeal the Town of Jericho Development Review Board (DRB) decision approving the conditional use application of Zaremba Group, LLC (Zaremba) to construct a 9,100 square foot retail building and associated site improvements at 265 Vermont Route 15 in Jericho, Vermont. Pending before the Court are Zaremba's two Motions for Partial Summary Judgment and four Motions in Limine. Also before the Court is Appellants' Motion for Permission to Move Pursuant to 10 V.S.A. § 8504(b)(2) to Reinstate Interested Person Status.

## Factual Background

For the purpose of putting the pending motions into context we recite the following facts which the Court understands to be undisputed:

1. Zaremba applied to the DRB for conditional use approval to construct a 9,100 square foot building for a Dollar General Store at 265 Vermont Route 15 in Jericho, Vermont.

2. On April 25, 2013, the DRB held the first public hearing on the application.

3. Appellants Stuart Alexander and Peter Booth attended the April 25 hearing and testified as to their concern about Zaremba's proposal.

4. After the first public hearing, but before the second public hearing, Appellant Susan Bresee submitted written comments to the DRB opposing Zaremba's application.

1

5. On May 23, 2013, the DRB held the second public hearing on the application.

6. Appellants Stuart Alexander, Peter Booth, Jeffrey Hill, Sara Youngman, William Bresee, and Susan Bresee attended the second hearing. Mr. Booth, Ms. Youngman, Mr. Bresee, and Ms. Bresee testified as to their concern about Zaremba's proposal.

7. Appellants Amy Beaton Booth, Joe Faryniarz, Susan Filipek, Martin Fisher, Jennifer Hatch, Jeffrey Hill, Laura Hill, Friederike Keating, Michelle Pinaud, Catherine Stevens, Michael Willey, Donna Wyatt, and Jon St. Amour (named Appellants) did not attend either hearing on the application.

8. The named Appellants did not submit written or oral testimony to the DRB prior to the end of the May 23 hearing.

9. At the end of the May 23 hearing, the DRB adjourned the hearing and told Zaremba that a decision would issue within 45 days. The May 23 meeting minutes do not indicate that the DRB voted to enter deliberative session when the hearing adjourned.

10. On or around May 28 to May 29, 2013, the named Appellants signed a petition opposing Zaremba's conditional use application.[1] The petition authorizes Ms. Bresee as the signatories' representative. On May 29, 2013, Ms. Bresee filed the petition with the Jericho Town Clerk pursuant to 24 V.S.A. § 4465(b).

11. The DRB did not reopen the public hearing on the application following the May 23 hearing.

12. The DRB voted to approve Zaremba's application on June 6, 2013 and issued its written decision on July 3, 2013.

13. The DRB's decision does not refer to written testimony submitted prior to the second hearing, oral testimony submitted at the two hearings, or the May 29 petition.

---

[1] The parties do not dispute that all named Appellants signed the petition. Of the named Appellants, however, only the signatures of Jeffrey Hill, Laura Hill, Friederike Keating, Catherine Stevens, Donna Wyatt, and Jon St. Amour appear in the copy of the petition submitted to the Court. (Zaremba's Ex. 5 at 3–4.) Appellants state that Zaremba's Exhibit 5 does not include all of the actual signatures on the petition. (Appellants' Reply to Mot. for Partial Summ. J., filed Mar. 14, 2014; Appellants' Rule 56(c)(2) Statement of Undisputed Facts at ¶ 20, filed Mar. 14, 2014.)

14.    In complying with Vermont Rule for Environmental Court Proceedings 5(b)(4)(A), the Jericho Town Clerk provided an "Interested Party Service List," including Ms. Bresee, who is identified as "representative for the attached list of petitioners."  The Jericho Town Clerk attached a "List of Petitioners" to the "Interested Party Service List."  The "List of Petitioners" included the named Appellants.

15.    Appellant Stuart Alexander resides approximately 3.5 miles from the project site.

### Motion for Partial Summary Judgment Regarding Thirteen Appellants

Zaremba's motion for partial summary judgment asks this Court to dismiss Appellants Amy Booth, Joe Faryniarz, Susan Filipek, Martin Fisher, Jennifer Hatch, Jeffrey Hill, Laura Hill, Friederike Keating, Michelle Pinaud, Catherine Stevens, Michael Willey, Donna Wyatt, and Jon St. Amour (named Appellants) and to grant summary judgment in its favor as to their appeals. Zaremba argues that the named Appellants lack standing to appeal the DRB decision because they failed to participate in the municipal regulatory proceeding on Zaremba's application as required by statute.  See 10 V.S.A. § 8504(b); 24 V.S.A. § 4471.  The named Appellants assert that they satisfied the participation requirement by stating their opposition to Zaremba's application in their petition submitted after the second hearing but prior to the DRB's decision.

In order to grant a moving party (here, Zaremba) partial summary judgment, the party must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2).  The Court is directed to "accept as true the [factual] allegations made in opposition to the motion for summary judgment," as long as they are supported by reference to admissible evidence, and to give the non-moving party (here, the named Appellants) the benefit of all reasonable doubts and inferences.[2]  Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356; V.R.C.P. 56(c).

---

[2] Whether a party has standing affects this Court's subject matter jurisdiction.  Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235.  As such, we review motions to dismiss for lack of standing under the standard of review afforded by V.R.C.P. 12(b)(1), meaning that we accept as true all uncontroverted factual allegations and construe them in the light most favorable to the nonmoving party.  E.g., In re Goddard Coll. Conditional Use, No. 175-12-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. July 5, 2012).  In considering Zaremba's motion for partial summary judgment based on alleged lack of standing, we look beyond the Statement of Questions to the parties' statements of undisputed facts and materials attached to the motion and the opposition in order to evaluate whether the standing requirements have been met.  Therefore, the Court finds the summary judgment standard appropriate for

3

The Legislature has established specific standing requirements for appealing a DRB decision by statute. We must therefore ensure that each requirement is satisfied so as not to "judicially expand the class of persons entitled to such [appeal]." In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 7, 188 Vt. 262 (quoting Garzo v. Stowe Bd. of Adjustment, 144 Vt. 298, 302 (1984)). To have standing to appeal a DRB decision, a party must be an interested person, as defined in 24 V.S.A. § 4465, who participated in the municipal regulatory proceeding. 10 V.S.A. § 8504(b)(1); 24 V.S.A. § 4471(a).

Section 4465(b) sets forth five definitions of "interested person," two of which may apply here:

> (3) A person owning or occupying property in the immediate neighborhood of a property that is the subject of any decision or act taken under this chapter, who can demonstrate a physical or environmental impact on the person's interest under the criteria reviewed, and who alleges that the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality.

> (4) Any ten persons who may be any combination of voters or real property owners within a municipality listed in subdivision (2) of this subsection who, by signed petition to the appropriate municipal panel of a municipality, the plan or a bylaw of which is at issue in any appeal brought under this title, allege that any relief requested by a person under this title, if granted, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality. This petition to the appropriate municipal panel must designate one person to serve as the representative of the petitioners regarding all matters related to the appeal.

24 V.S.A. § 4465(b)(3)–(b)(4) (emphasis added). Participation consists of "offering, through oral or written testimony, evidence or a statement of concern related to the subject of the proceeding." 24 V.S.A. § 4471(a). While "proceeding" is not defined by statute, the Vermont Supreme Court has interpreted the word broadly to include the entire application process. See In re Appeal of Carroll, 2007 VT 19, ¶¶ 10, 13, 181 Vt. 383 (concluding that the municipal subdivision review "proceeding" at issue encompassed the hearings on both preliminary and final plat review). Moreover, "[t]he statutory language does not specify when the interested

---

Zaremba's request. See In re Lake Champlain Bluegrass Festival Jurisdictional Opinion (#6-007), No. 204-11-10 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. May 12, 2011) (Durkin, J.) (converting motion to dismiss for lack of standing to motion for summary judgment because the Court considered matters outside the pleadings and the parties had an opportunity to supplement their filings with affidavits and exhibits).

party must participate as long as it is within the proceeding." Id. at ¶ 15. This Court likewise has noted that the submission of letters regarding an application prior to the hearing on that application constituted participation pursuant to 24 V.S.A. § 4471(a). In re Verizon Wireless Barton Act 250 Permit Telecomm. Facility, No. 6-1-09 Vtec, slip op. at 6 n.7 (Vt. Envtl. Ct. Feb. 2, 2010) (Durkin, J.). In interpreting these statutory requirements, we must apply the plain meaning of the statutory language in order to give effect to the legislature's intent. State v. O'Neill, 165 Vt. 270, 275 (1996).

Although Zaremba has not challenged the named Appellants' interested person status as a group of ten under 24 V.S.A. § 4465(b)(4), we find that consideration of whether the named Appellants qualify for this status is relevant not only to the statutory requirement that they be interested persons but also to whether they participated in the municipal proceeding. Regarding the § 4465(b)(4) petition required for interested person status as a group of ten, the Vermont Supreme Court has stated that "[t]he plain and ordinary meaning of 'petition' leads to the conclusion that the Legislature intended for the [appropriate municipal panel] to retain some power to take action upon receipt of the petition—the power of a 'superior authority' to act upon a 'supplication or request.'" In re Albert, 2008 VT 30, ¶ 11, 183 Vt. 637 (quoting The American Heritage College Dictionary 1022 (3d ed. 2000)). Thus, to be an interested person under § 4465(b)(4), the Supreme Court has said the petition must be filed before the DRB has made its decision. Id. Here, the petition filed by the named Appellants was filed before the decision but after the adjournment of the hearing and the close of the evidence.

Section 4464(b)(1) of Title 24 instructs that the municipal panel "should close the evidence promptly after all parties have submitted the requested information . . . [and] [t]he panel shall adjourn the hearing and issue a decision within 45 days after the adjournment of the hearing." According to the Jericho Development Review Board Rules of Procedure, Article III, the DRB "shall be deemed to be in deliberative session from the close of the final public hearing until the issuance of a written decision," during which "[t]here shall be neither taking evidence [sic] nor submission of testimony . . . ." Although § 4464(b)(1) provides that the DRB "should" close the evidence rather than that it "must," we find that Appellants have provided no evidence that the application remained open following the May 23 hearing. Indeed, on May 23,

5

the DRB signaled that the evidence was closed when it adjourned the hearing and stated that it would issue its decision within 45 days. Thus, the named Appellants submitted their petition while the DRB was in deliberative session.

"Deliberations" are defined by statute as "weighing, examining and discussing the reasons for and against an act or decision, but expressly excludes the taking of evidence and the arguments of parties." 1 V.S.A. § 310(1). Although the DRB could have reopened the hearing to publicly accept the petition it did not do so, nor did the petitioners request such reopening. Because the public is excluded from a deliberative session and there can be no taking of evidence or testimony during such session, the DRB was without power to act upon or consider the petition without publicly reopening the hearing. Thus, under the Supreme Court's decision in Albert, because the DRB had no power to accept or consider the petition after the adjournment of the hearing the petition was not validly presented to the DRB. The Jericho Town Clerk's attachment of the "List of Petitioners" to the "Interested Party Service List" in response to notice of this appeal does not dictate whether anyone listed satisfies the requirements for interested person status, nor does the list demonstrate that the petition was submitted to the DRB while it retained the power to act on it. We therefore find that Appellants have no interested person status under § 4465(b)(4). Because Appellants have no interested person status under § 4465(b)(4), they must demonstrate interested person status under § 4465(b)(3) in order to participate in this appeal.

For similar reasons, we find that the petition did not constitute "participation" in the proceeding by the named Appellants under 10 V.S.A. § 8504(b)(1) and 24 V.S.A. § 4471(a). As noted above, both this Court and our Supreme Court have interpreted the term "proceeding" broadly. See In re Appeal of Carroll, 2007 VT 19, ¶¶ 10, 13. Nevertheless, "the plain meaning of participation in the statute requires that an appellant bring information before the municipal panel as a way of helping that panel reach its decision in the first instance." Verizon Wireless Barton Permit, 2010 VT 62, ¶ 10 (internal quotation omitted). Thus, a party cannot satisfy § 4471 by submitting evidence or a statement of concern after the municipal panel has reached its decision. Id. at ¶ 11. Moreover, to satisfy the participation requirement, a party cannot merely submit evidence or testimony prior to the decision; that evidence or testimony must be

6

part of the record that could be considered by the municipal panel in reaching its decision. Furthermore, to allow the DRB the opportunity to accept and consider a filing after the close of evidence would deprive another interested party the opportunity to be heard on the filing. See Carroll, 2007 VT 19, ¶ 14 (noting that prior to the Legislature's enactment of the participation requirement, an interested person could appeal from the municipal panel "even though the DRB had no opportunity to deal with the issue causing the appeal and the developer had no opportunity to address the issue," whereas a party is now required to state its opposition during the municipal proceeding.).

As described above, we find that Appellants have provided nothing to support a conclusion that the evidence on the application remained open following the May 23 hearing. Moreover, the DRB signaled that the evidence was closed when it adjourned the hearing and stated that it would issue its decision within 45 days. The named Appellants concede that they did not participate prior to or during the last public hearing on the application. Following this hearing, the named Appellants made no request that the DRB reopen the evidence, if necessary, in order to consider the comments in their petition. The named Appellants point to no evidence that the DRB incorporated the petition into its record following the adjournment of the hearing. Finally, the named Appellants point to no evidence that suggests Zaremba had any similar opportunity to file post-hearing evidence in response to the petition.

Because the petition could not be considered by the DRB in reaching its decision, we conclude that the petition itself failed to satisfy § 4471(a). Moreover, since the named Appellants did not designate Ms. Bresee as their representative until after the close of evidence, we find that they cannot rest on her individual participation to satisfy § 4471(a). Thus, accepting Appellants' factual allegations as true and giving them the benefit of all reasonable doubt, we find that the named Appellants did not participate and therefore have no standing in this appeal. Zaremba's motion for partial summary judgment is therefore **GRANTED**, and Appellants Amy Booth, Joe Faryniarz, Susan Filipek, Martin Fisher, Jennifer Hatch, Jeffrey Hill, Laura Hill, Friederike Keating, Michelle Pinaud, Catherine Stevens, Michael Willey, Donna Wyatt, and Jon St. Amour are **DISMISSED** as appellants.

We note that parties qualifying as "interested person[s]" under 24 V.S.A. § 4465 have a right to appear in the appeals of others, regardless of whether they participate below.  See In re Main St. Place, LLC, Nos. 46-3-10 Vtec, 120-7-10 Vtec, 191-11-10 Vtec, and 168-11-11 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. June 19, 2012) (Durkin, J.); 10 V.S.A. § 8504(n)(5); V.R.E.C.P. 5(c) ("Any other person who has not previously entered an appearance as provided in this paragraph may enter an appearance by filing a timely motion to intervene.").  Thus, if the named Appellants satisfy § 4465(b)(3), they may still participate in the pending appeal by filing a motion to intervene pursuant to Vermont Rule for Environmental Court Proceedings 5(c), alleging that they own or occupy property in the "immediate neighborhood" of the project and can demonstrate a physical or environmental impact under the criteria reviewed.

**Motion for Partial Summary Judgment Regarding Appellant Stuart Alexander**

In a second motion for partial summary judgment, Zaremba asks the Court to dismiss Appellant Stuart Alexander for lack of standing.  In support of its motion, Zaremba argues that Dr. Alexander has not demonstrated a particularized injury different from the injury experienced by the general public.  Specifically, Zaremba notes that Dr. Alexander owns property 3.5 miles from the project and that he drives by the project site approximately twice per week.  Zaremba asserts that Dr. Alexander's long service on the Jericho Planning Commission is insufficient to establish a particularized injury.  In response, Dr. Alexander asserts that if the project proceeds, he will suffer a particularized injury to his aesthetic interest in a rural development pattern, which his neighbors "probably" do not share.

As described above, we find that the Appellants, including Dr. Alexander, do not qualify as interested persons under § 4465(b)(4).  Thus, in order to maintain appellant status, Dr. Alexander must demonstrate that he owns or occupies property in the "immediate neighborhood" of the project and can demonstrate a physical or environmental impact under the criteria reviewed.  Dr. Alexander resides approximately 3.5 miles from the project site, and he has not alleged that he owns or occupies property in closer proximity to the site.  We therefore find that Dr. Alexander has not demonstrated that he owns or occupies property in the "immediate neighborhood" of the project.  While accepting Dr. Alexander's factual allegations as true and giving him the benefit of all reasonable doubt, we conclude that Dr.

8

Alexander is not an interested person under § 4465(b)(3).[3]  Because we find the Dr. Alexander is not an interested person under either § 4465(b)(4) or § 4465(b)(3), Zaremba's motion for partial summary judgment is **GRANTED**, and Dr. Alexander is **DISMISSED**.

**Motion for Permission to Move Pursuant to 10 V.S.A. § 8504(b)(2)**

Because the Court finds that they did not participate in the municipal regulatory proceeding, the named Appellants move the Court for an extension of time to file a motion for party status under 10 V.S.A. § 8504(b)(2).  Section 8504(b)(2) of Title 10 provides three exceptions to the participation requirement of § 8504(b)(1):

> (A) there was a procedural defect which prevented the person from obtaining interested person status or participating in the proceeding; (B) the decision being appealed is the grant or denial of interested person status; or (C) some other condition exists which would result in manifest injustice if the person's right to appeal was disallowed.

The named Appellants argue that both subsections (A) and (C) should relieve them from the participation requirement, and that the Court should therefore grant them leave of Court to file a motion to that effect.  In their filings related to the pending motions, the named Appellants fail to demonstrate that some procedural defect <u>prevented</u> them from participating or that manifest injustice would result from disallowing their right to appeal.

The named Appellants allege no defect in the notice for the hearings which resulted in their failure to attend.  The named Appellants do not allege that they submitted evidence or a statement of concern prior to adjournment of the hearing which has not been considered.  The Appellants that attended the hearings took advantage of the opportunity to submit evidence or a statement of concern to satisfy the participation requirement.  The named Appellants did not participate within the required timeframe, and they allege no procedural defect which prevented them from doing so.

For similar reasons, we find that no manifest injustice will result from disallowing the named Appellants' appeals.  The statute clearly requires that in order to challenge the DRB proceeding or decision, an interested person must participate.  The named Appellants have not

---

[3] Although Zaremba framed its argument as a lack of Article III constitutional standing, because we determine that Dr. Alexander does not have standing under the statute we need not consider whether he has constitutional standing.

9

shown that they did not have the required statutory notice for both hearings on Zaremba's application. 24 V.S.A. § 4464(a)(1)(A), (a)(1)(B); see also In re Cummings Subdivision, No. 156-9-10 Vtec, slip op. at 22 (Vt. Super. Ct. Envtl. Div. July 13, 2011) (Wright, J.) (holding that "10 V.S.A. § 8504(b)(2)(C) and principles of due process or fundamental administrative fairness require that an appellant must have had actual notice or the required statutory notice of a proceeding to be held to the finality requirement" preventing untimely appeals).

Moreover, as discussed above, the named Appellants have a right to appear as interested persons pursuant to 24 V.S.A. § 4465(b)(3) if they own or occupy property in the "immediate neighborhood" of the project and can demonstrate a physical or environmental impact on their interest under the criteria reviewed. See In re Main St. Place, LLC, Nos. 46-3-10 Vtec, 120-7-10 Vtec, 191-11-10 Vtec, and 168-11-11 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. June 19, 2012) (Durkin, J.); 10 V.S.A. § 8504(n)(5); V.R.E.C.P. 5(c).

Because the named Appellants have failed to show that a procedural defect prevented their participation or that manifest injustice will result from disallowing their appeals, their motion for permission to move pursuant to 10 V.S.A. § 8504(b)(2) is **DENIED**.

### Motion in Limine Regarding Town Plan and Opinion Evidence or Testimony

In its first Motion in Limine, Zaremba asks the Court to bar Appellants from introducing or seeking to introduce the following:

1. Any testimony, documents, facts, or opinion, that speak to the question of whether the Project proposed by Appellee conforms to the Town Plan of the Town of Jericho.
2. Any opinion evidence or testimony that expresses a witness' opinion as to whether the Project proposed by Appellee conforms to the Town Plan or the Land Use Regulations of the Town of Jericho, or to the enabling legislation, 24 V.S.A. § 4414.
3. Any opinion evidence or testimony that expresses a witness' opinion as to whether the Project will have an undue adverse impact on the area or zoning district in which the project is proposed.

Zaremba further requests that if its motion is granted, the Court direct any witness that may be called at trial to "avoid reference to the Town Plan unless specifically directed otherwise by the Court." (Zaremba's Mot. in Limine at 1, filed Feb. 24, 2014.)

10

In support of its motion, Zaremba first asserts that other than the Town of Jericho Comprehensive Town Plan (Town Plan or Plan) itself, evidence regarding the project's conformance with the Plan is irrelevant and therefore inadmissible because the Plan is generalized and aspirational, rather than mandatory and enforceable, and the project therefore cannot be denied based on noncomformance with the Plan. Rulings on the admission of evidence at trial are within the broad discretion of the Court. In re Eastview at Middlebury, Inc., 2009 VT 98, ¶ 22, 187 Vt. 208 (citing Griffis v. Cedar Hill Health Care Corp., 2008 VT 125, ¶ 18, 185 Vt. 74). While evidence regarding conformance with the Town Plan must be relevant to be admissible, the Court declines to make the underlying and necessary determination regarding the Plan's enforceability prior to trial. Thus, absent such a ruling from the Court that the Plan is not enforceable, testimony related to compliance with provisions in the Plan are not irrelevant for that reason. We note that Zaremba will have the opportunity to raise any objections to specific testimony at trial.

Next, Zaremba asserts that any opinion evidence or testimony as to the project's conformance with the Town Plan, the Land Use Regulations, or the enabling legislation, 24 V.S.A. § 4414, is inadmissible because it constitutes an opinion of law or of how the case should be decided, which is the "sole province of this Court." (Zaremba's Mot. in Limine at 4, filed Feb. 24, 2014.) For the same reason, Zaremba asserts that any opinion evidence or testimony as to whether the project will have an undue adverse impact on the character of the surrounding area is also inadmissible. In response, Appellants argue that opinion testimony is admissible so long as it is not confined to the legal issues and that reference to the Town Plan or Land Use Regulations provides useful context for factual evidence.

Vermont Rule of Evidence 704 provides that "[t]estimony in the form of an opinion or inference otherwise admissible is <u>not</u> objectionable because it embraces an ultimate issue to be decided by the trier of fact." V.R.E. 704 (emphasis added). However, testimony that supplies the fact finder with <u>no information</u> other than the witness's opinion of the correct decision "invades the court's province and is irrelevant." Riess v. A.O. Smith Corp., 150 Vt. 527, 531 (1988) (quoting Owen v. Kerr-McGee Corp., 698 F.2d 236, 240 (5th Cir. 1983)). As V.R.E. 704 instructs and the Reporter's Notes to V.R.E. 704 make clear, however, testimony that is a

11

helpful expression of opinion should not be excluded solely because it coincides with an ultimate issue. See Riess, 150 Vt. at 532 ("[W]here the question involves an ultimate issue, but is not phrased in terminology carrying a precise legal definition that may be at variance with the common meaning of the terms, the decisions allow it."). Finally, the Vermont Supreme Court and the Reporter's Notes to V.R.E. 704 also recognize the safeguards of Vermont Rule of Evidence 403, permitting exclusion of misleading or time-wasting evidence.

According to these principles, any bare legal conclusion as to the project's compliance with the Town Plan, the Land Use Regulations of the Town of Jericho, or Title 24 Chapter 117 that provides the Court with no information should be excluded, and the parties should make a good faith effort to avoid eliciting such testimony. We recognize, however, that evidence and testimony providing information helpful to our ultimate decision on whether Zaremba satisfies Jericho's Conditional Use review may embrace such issues because V.R.E. 704 expressly permits admission of such evidence. The Court declines to rule prior to hearing the question(s) presented to witnesses that certain testimony is inadmissible. Rather, the Court will apply the principles set forth herein to any timely objection at trial. This approach ensures that parties are not prevented from presenting helpful information and that irrelevant or time-wasting evidence will be excluded.

Finally, we note Zaremba's concern regarding the ability of the self-represented litigants to raise issues concerning the Town Plan in light of the fact that they did not file their own Statement of Questions. While Vermont Rule for Environmental Court Proceedings 5(f) provides that an appellant may not raise an issue outside the Statement of Questions unless otherwise ordered by the Court, a party who files a timely appearance is not foreclosed from raising issues contained in another party's timely Statement of Questions. The Statement of Questions determines the scope of the appeal, and those who filed an appearance are parties unless the Court holds otherwise. See Village of Woodstock v. Bahramian, 160 Vt. 417, 424 (1993) (holding that, where village did not file its own notice of appeal, it was limited to raising only those issues raised in the permit applicant's notice of appeal). Thus, while the parties who filed separate notices of appearance may not raise additional issues, as long as they are parties

they may testify, provide evidence, and otherwise participate on the issues within the Statement of Questions.

For the reasons described above, Zaremba's motion in limine regarding the Town Plan and opinion evidence or testimony is **DENIED.**

### Motions in Limine Regarding Laura Hill, Amy Beaton Booth, and Martin Fisher

Zaremba has filed motions in limine to bar Laura Hill, Amy Beaton Booth, and Martin Fisher from testifying as to certain issues because Zaremba asserts they do not have sufficient personal knowledge regarding these issues. The Court declines to prevent such testimony at this stage. Ms. Hill, Ms. Booth, and Mr. Fisher may testify as to any issue about which they have personal knowledge. Zaremba may challenge the basis of such personal knowledge or witness credibility on cross-examination. Thus, Zaremba's motions in limine regarding Laura Hill, Amy Beaton Booth, and Martin Fisher are **DENIED.**

### Conclusion

Zaremba's motion for partial summary judgment as to Appellants Amy Booth, Joe Faryniarz, Susan Filipek, Martin Fisher, Jennifer Hatch, Jeffrey Hill, Laura Hill, Friederike Keating, Michelle Pinaud, Catherine Stevens, Michael Willey, Donna Wyatt, and Jon St. Amour is **GRANTED**, and the named Appellants are **DISMISSED.** Zaremba's motion for partial summary judgment as to Dr. Alexander is **GRANTED**, and Dr. Alexander is **DISMISSED**. Appellants' Motion for Permission to Move Pursuant to 10 V.S.A. § 8504(b)(2) is **DENIED.** Zaremba's motion in limine regarding Town Plan and opinion evidence or testimony is **DENIED.** Finally, Zaremba's motions in limine regarding Laura Hill, Amy Beaton Booth, and Martin Fisher are **DENIED.**

**Electronically signed on April 21, 2014 at 09:55 AM pursuant to V.R.E.F. 7(d).**

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division