# Mary Fraser v. Paul Choiniere and John Buffum, d/b/a P.J.'s Auto Village, Inc.

[350 A.2d 755]

No. 171-74

Present: **Barney, C.J., Smith, Daley, Larrow and Billings, JJ.**

Opinion Filed December 4, 1975

Motion for Reargument Denied December 29, 1975

*Roger E. Kohn,* Hinesburg, for Plaintiff.

*Dewitt E. Mead* of *Dinse, Allen & Erdmann,* Burlington, for Defendants.

*M. Jerome Diamond,* Attorney General, Montpelier, and *John J. Easton, Jr.,* Assistant Attorney General, Consumer Fraud Division, Burlington, *amicus curiae.*

**Daley, J.** As a result of various difficulties encountered by the plaintiff with a new Triumph automobile purchased from the defendants in 1971, plaintiff brought a civil action in the Chittenden Superior Court. In an eleven count complaint, she charged the defendants with breach of express and implied warranties in the sale and servicing of her automobile; negligence and/or gross negligence in the service and repair of the same; intentional injury to her property; fraud and deceit by intentional false, deceptive or unfair statements; and unfair, false and deceptive practices in commerce. She sought compensatory damages and, upon allegations of willfulness and maliciousness, sought exemplary damages. The defendants denied the allegations and counterclaimed for monies allegedly due and owing to them from the plaintiff.

The jury awarded the plaintiff compensatory damages in the amount of $240.00 and exemplary damages of $7,500.00. It also returned a verdict in favor of defendants upon their counterclaim in the amount of $2,072.72. No appeal has been taken upon the counterclaim award so it will be affirmed.

The defendants seasonably moved for a judgment n.o.v., remittitur and, in the alternative, new trial. Upon the court's denial of these motions, judgment was entered on the general verdicts. From the judgment against them, the defendants appeal. The plaintiff has also filed a cross-appeal, contending that the court erred in its denial of her claim for attorney's fees, to which she says she is entitled under 9 V.S.A. § 2461(b).

The thrust of the defendants' claims of error relates to the court's instructions to the jury. And, since it is upon one of the instructions given which we reverse, we will not consider the

claimed error in the denial of the defendants' post-verdict motions.

The defendants' first claim of error relates to the trial court's refusal to inform counsel of its proposed action upon requests for instructions previously submitted by counsel for both parties. At the close of all the evidence both counsel sought to learn what instructions the court would give in the light of the several theories of recovery set forth in the pleadings, by the evidence and the law contained in their requests. The court informed counsel for the plaintiff, who first broached the subject, that it would not discuss the matter. Without quoting the language used by the court, we note it told counsel in no uncertain terms that it would submit the law to the jury under the situation as it saw it; that's it, the decision had been made and further discussion was useless. The court gave no indication of the nature of the charge it would give. Although counsel for the defendants, who now claims error, made no demand for information, it is evident from the record that any attempt on his part would have been futile.

V.R.C.P. 51(b), which is identical to F.R.C.P. 51, provides as follows:

> At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.

The word "shall" makes it mandatory for the court to inform counsel of its proposed action upon all requests submitted in accordance with the rule. It imposes a duty of compliance upon the court so that counsel will know which requests will be granted and which will be denied and then can argue the facts in the light of the law contained in the instructions to be

given. The rule also alerts counsel to make proper objections following the charge.

The filing of requests under the rule is the sole action required by counsel bringing into focus the duty to inform on the part of the court. We find nothing in our rule requiring counsel to ask the trial court for its proposed action in order to protect his rights under it.

By the same token we find no authority for a court to arbitrarily cut off requests for information upon rulings the court is bound to make. It is, however, the responsibility of the trial court to conduct trials fairly and impartially; as a part of this duty counsel should be afforded an opportunity of presenting their views or positions upon the various requests submitted when they make such desire known to the court.

We might add that the conduct of a trial, particularly in a complex case involving many issues, as we have here, will be best served when counsel for both parties know which of the requests made will be granted and which will be denied with the opportunity of making clear their objections upon the record to the court's proposed action, which, of course, might well be changed by learned argument of counsel, avoiding error by the court in the charge it will give.

The plaintiff contends that the failure of the defendants to object bars them from raising the question here. We do not agree. The court's statement and action, in our opinion, was such as to take away from the defendants the opportunity of objecting to the court's ruling at the time it was made, so they are not prejudiced by the absence of an objection. See V.R.C.P. 46.

■ Failure to comply with the mandate of the rule under certain circumstances may cause the error to become reversible. Not only did the trial court fail to comply with the mandate of the rule, which in itself is error and in at least one jurisdiction was held to be reversible error upon a showing of prejudice, see *Downie* v. *Powers*, 193 F.2d 760 (10th Cir. 1951), but also its foreclosure of the parties being able to learn of its action on their request borders upon arbitrariness. Because of other errors presented, we need not, however, reverse on this ground although we might be inclined to do so.

The defendants contend that the court failed to charge upon the elements of fraud and negligence; comparative negligence; the civil penalty of the consumer fraud statute; that the plaintiff could not recover for emotional distress; and that it erred in failing to charge fully and correctly on all material issues; they also contend that the court erred in its definition of the implied warranty of merchantability and its instruction as to inconsistent statements made by a witness.

These claims of error are not for our consideration due to the defendants' failure to comply with V.R.C.P. 51(b). "No party may assign as error the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection". The record shows that the objection requirement was not met as to these matters.

We would, however, note in passing that although not reviewable here now, the failure of the court to charge upon the Vermont Consumer Fraud Law, 9 V.S.A. chapter 63, and the penalty for its violation, 9 V.S.A. § 2461(b), one of the theories advanced in the pleadings and evidence, is error. For the duty of the court to charge upon all theories of law raised by the pleadings and evidence, see *Morse* v. *Ward*, 102 Vt. 433, 150 A. 132 (1930). Due to the different rules of damages applicable to the theories advanced, both parties were entitled to full and complete exposition of the law applicable to each and every theory under which recovery could be had.

The defendants have properly assigned as error a portion of the supplemental charge given as follows: "If you find they (Triumph) did something wrong it is still the responsibility of [the defendants] that's number 1." This portion of the charge is clearly erroneous.

The plaintiff testified that during the period when she was having the difficulties with service and repair of her car with the defendants, then operating under the name of P.J.'s Auto Village, Inc., she telephoned Triumph in New Jersey concerning repairs which she felt should have been made under warranty. In response to plaintiff's earnest inquiries as to these repairs and the warranty, certain of Triumph's agents

or employees merely laughed, informing her that they assumed no responsibility and that she would have to settle it with the defendants.

Triumph was not a party to this action. The jury expressly found that there had been no breach of warranty in the sale of the automobile. The warranty found to have been breached was in connection with the service and repair of the plaintiff's car after the sale. The plaintiff sought and was awarded exemplary damages upon a finding that actions of the defendants, their agents, employees or representatives in the course of their business were characterized by willfulness, malice and insults, as well as a finding that such persons had intentionally made false and deceptive statements to the plaintiff. Triumph was not an agent of the defendant, and, though we make no determination that Triumph was a principal, even if it were the defendants as its agents would not be legally responsible for the independent acts and statements involved here.

The instruction as given permitted the jury, in its deliberations upon the award of punitive damages, to consider the evidence of these phonecalls between the plaintiff and Triumph thereby as being insulting and malicious, subjecting the defendants to a possible increase in the punitive damage award. Under the circumstances shown by the record, we hold the instruction erroneous and prejudicial in fact and law so as to necessitate a reversal and remand for a new trial. We cannot agree, in light of the amount of punitive damages awarded, that this portion of the charge is de minimis as claimed by the plaintiff.

Our decision in this case renders it unnecessary to consider the denial by the trial court of the plaintiff's motion for attorney fees. Even if it were necessary, the verdict of the jury upon the court's charge does not demonstrate an entitlement to such recovery. Plaintiff concedes here that the only entitlement to an award of attorney fees would have been by virtue of 9 V.S.A. § 2461(b), which allows recovery of such fees as damages when a violation of the statute is found by the jury or the court. She is, of course, not entitled to any such fees in the present posture of this action. We take the opportunity, however, in view of the newness of the statutory provision effective July 1, 1972, to state that the question of attorney

fees, although a statutory element of damages under 9 V.S.A. § 2461(b), is not an issue to be placed before the jury.

Further, contrary to the plaintiff's claim, the statute does not provide for recovery of attorney fees for services rendered in this Court. Historically, when attorney fees have been recoverable, the value of such services is best left to the determination of an experienced court. The questions presented in a determination of the reasonable value of attorney's services involve several factors hardly capable of being presented to the jury determining liability and damages, such as the attorney testifying as to his bill for services and other attorneys testifying as to the reasonableness of the charge or even the unreasonableness of the same. For a discussion of other elements involved, see *Platt* v. *Shields*, 96 Vt. 257, 268, 119 A. 520 (1923), and *Young* v. *Northern Terminals*, 130 Vt. 258, 290 A.2d 186 (1972).

If, when this case is retried, the plaintiff recovers damages for a violation of the statute based upon a jury finding to that effect, then such attorney fees as the court finds to be reasonable after hearing can be added to the amount of other damages found by the jury and included in the judgment.

*The judgment in this cause finding the defendants liable to the plaintiff for damages stated therein is reversed and remanded for new trial. So much of the judgment as provides for a recovery by the defendants from the plaintiff is affirmed.*