## William Utzler v. Medical Center Hospital of Vermont and Surgical Associates Foundation, Inc.

[540 A.2d 652]

No. 85-418

Present: **Peck, Dooley and Mahady, JJ., and Keyser, J. (Ret.) and Costello, D.J. (Ret.), Specially Assigned**

Opinion Filed December 24, 1987

*Tyler, Bruce and Brooks and Michael Rose* (On the Brief), St. Albans, for Plaintiff-Appellant.

*S. Crocker Bennett, II and Michael I. Green* of *Paul, Frank & Collins, Inc.,* Burlington, for Defendant-Appellee.

**Mahady, J.** Plaintiff, William Utzler, appeals the judgment rendered in a medical malpractice action he instituted against defendant, Surgical Associates Foundation. Analytically, there are two distinct claims of negligence. The first relates to the care which plaintiff received during his hospitalization for a bypass operation in July of 1976; the second relates to the care which plaintiff received following his discharge from the hospital. The trial court directed a verdict in favor of defendant as to the plaintiff's claim of negligence for the treatment he received after his discharge. A jury returned a verdict in favor of defendant as to plaintiff's claim of negligent care up to plaintiff's discharge from the hospital in July, 1976.

Two issues are presented: 1) Did the trial court err by recalling the jury to reread an entire portion of the charge, which had been provided to the jury in writing, after the court realized that it had

inadvertently omitted one specific instruction from that portion when it read the charge to the jury? 2) Did the trial court err when it directed a verdict in favor of the defendant as to the care received by plaintiff after July of 1976?

We conclude that the trial court's actions as to both issues were entirely proper and affirm.

## I.

█ The trial court provided written copies of its charge to counsel prior to reading the charge to the jury. Copies were subsequently provided to the jury itself.

The written charge included an instruction, specifically requested by defendant, that "a physician is not required to be infallible." Proving that judges, too, are not infallible, the trial judge inadvertently omitted that phrase when he read the charge to the jury. Defendant's counsel called the omission to the attention of the court, and the court conferred with both counsel, seeking their advice as to the best manner in which to deal with the situation.

The court declined to recall the jury to simply read the omitted phrase. Instead, the court recalled the jury and reread the entire section of the charge, this time including the missing instruction. In no way did the court emphasize the omitted phrase in rereading the entire section to the jury.

As a starting point, the phrase in question was a correct statement of the law. In Vermont, a physician "is not required to be infallible." *Domina* v. *Pratt*, 111 Vt. 166, 170, 13 A.2d 198, 200 (1940); and see *Senesac* v. *Associates in Obstetrics & Gynecology*, 141 Vt. 310, 313, 449 A.2d 900, 902 (1982) (defendant must have departed from the proper standard of medical skill and care of the plaintiff to be found negligent). However, plaintiff argues that the trial court injected a bias in favor of defendant by its actions after the inadvertent omission was called to its attention.

Of course, a trial court must not give undue emphasis to a single instruction contained in a charge to the jury. *Gero* v. *John Hancock Mutual Life Insurance* Co., 111 Vt. 462, 474, 18 A.2d 154, 160 (1941). However, it is not error to reiterate a portion of the charge where no undue emphasis is placed on the reiterated passage. *Cadel* v. *Sherburne Corp.*, 139 Vt. 134, 137-38, 425 A.2d 546, 548 (1980).

It is difficult to envision a method of correcting the omission which would be fairer and more even-handed than that fashioned on the spot by the trial court. Defendant had specifically requested the omitted instruction which was a correct statement of the law. At the charge conference the court had indicated that the instruction would be included and did, in fact, include it in the written charge. Defendant was entitled to rely upon its inclusion. Cf. *Fraser* v. *Choiniere*, 133 Vt. 631, 633-34, 350 A.2d 755, 757 (1975), *overruled on other grounds, Bruntaeger* v. *Zeller*, 147 Vt. 247, 256, 515 A.2d 123, 129 (1986). On the other hand, plaintiff was entitled to an assurance that the omitted instruction would receive no undue influence in the eyes of the jury.

The trial court thoughtfully, carefully and effectively balanced these competing and legitimate interests. There is no error.

## II.

Both of plaintiff's claims related to the care which he received for an infection he suffered after a bypass operation which was performed on June 29, 1976. No claim was made as to negligence concerning the bypass operation itself.

Defendant treated plaintiff's infection prior to plaintiff's discharge from the hospital in July of 1976. Both parties provided conflicting expert testimony as to the care plaintiff received at the hospital. The issue was presented to the jury, and the jury resolved the issue in favor of defendant.

Plaintiff also claims that the defendant should have recommended additional thoracic surgical intervention in 1978. In support of this claim, plaintiff effectively offers only the broad and conclusory testimony of an expert to the effect that it was not "appropriate" for defendant to discontinue caring for plaintiff in 1978 unless there was a transference of care to another surgeon. The expert gave no reasons for his conclusion and no detail as to the alleged failure of defendant to act "appropriately."

Such testimony hardly establishes a duty of care, deviation from that standard, and causation of injury. Indeed, the evidence indicated that plaintiff remained under the care of a number of doctors in 1978 and thereafter.

A motion for a directed verdict requires the evidence to be viewed in the light most favorable to the plaintiff, excluding any modifying evidence. *Senesac* v. *Associates in Obstetrics & Gyne-*

*cology*, 141 Vt. at 312, 449 A.2d at 902. In a medical malpractice action involving complex and technical issues of medical care, however, the plaintiff's burden of proof as to the standard of care, deviation from that standard, and causation of injury can be satisfied only by expert testimony. *Larson* v. *Candlish*, 144 Vt. 499, 502, 480 A.2d 417, 418 (1984). Plaintiff's proof in this case, even when viewed in the prescribed manner, fails to meet his burden. Compare *Macey* v. *James*, 139 Vt. 270, 271, 427 A.2d 803, 804 (1981) (expert's testimony was sufficient to raise a jury question as to whether or not the defendant negligently performed a medical procedure causing injury to plaintiff).

*Affirmed.*