**Laurie E. JONES v. Robert S. BLOCK and Orthopaedic and Hand Surgery, P.C.**

[762 A.2d 846]

No. 99-336

October 16, 2000. Plaintiff Laurie Jones appeals from the Bennington Superior Court's order granting the motion of defendants Dr. Robert Block (defendant) and Orthopaedic and Hand Surgery, P.C. (OHS), for judgment as a matter of law on counts I and II of her medical malpractice complaint. On appeal, plaintiff argues that she introduced enough evidence to get to the jury on those counts. We agree and reverse and remand.

Plaintiff injured her neck in February 1992 and sought treatment first from her family doctor and then from defendant. At her first appointment with defendant, he reviewed her MRI scan, taken in September 1992, and determined from it that she had ruptured a disk. He recommended surgery, and scheduled it for March 1993. Prior to the surgery, however, plaintiff aggravated the injury when she slipped on ice and fell. She informed defendant of this, and he concluded that her injury now involved the spinal cord. Despite this conclusion, he did not order a new MRI and went forward as scheduled with the surgery. During the surgery, plaintiff suffered trauma to the spinal cord, resulting in permanent neurological dysfunction diagnosed as Brown Sequard Syndrome.

Plaintiff brought a four-count medical malpractice complaint against defendant and OHS, defendant's professional corporation. The first two counts alleged that defendant was negligent in treating her and this negligence caused her permanent neurological dysfunction. The second count sought damages from OHS based on respondeat superior. The third and fourth counts claimed liability because of lack of informed consent to the surgical procedure. The first two counts were dismissed when the court granted judgment as a matter of law to defendant and OHS on these counts. The third and fourth counts went to the jury, which rendered a verdict for defendants.

A judgment as a matter of law may be granted if "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." V.R.C.P. 50(a)(1). When applying this standard, we view the evidence in the light most favorable to the nonmoving party and exclude the effect of any modifying evidence. See *Haynes v. Golub Corp.*, 166 Vt. 228, 233, 692 A.2d 377, 380 (1997). The motion must be denied "if any evidence fairly or reasonably supports a lawful theory of the plaintiff." *Id.*

In an action for medical malpractice, plaintiff has the burden of proving the applicable standard of care, that defendant breached that standard, and that as a proximate result plaintiff suffered injuries that would not otherwise have occurred. See 12 V.S.A. § 1908(1)-(3). Ordinarily, these elements must be proved by expert testimony. See *Begin v. Richmond*, 150 Vt. 517, 520, 555 A.2d 363, 365 (1988).

The issue before us centers on the adequacy of the testimony of plaintiff's expert, Dr. Paul Asdourian. He testified that the relevant standard of care required defendant to obtain a new MRI before performing the operation and that defendant failed to do so, thus breaching

the standard of care. Defendant concedes that this testimony was sufficient to establish negligence, but contests whether the expert testified adequately that this negligence was a proximate cause of plaintiff's injuries.

Plaintiff's expert witness testified that, in his opinion, plaintiff's spinal cord was traumatized during surgery; plaintiff was left with a "permanent neurological deficit" — that is, Brown Sequard Syndrome, and this injury would not have happened but for the lack of requisite care. He went on to testify that he believed that the extent of plaintiff's prior injury was not fully appreciated by defendant before surgery, that the surgery was performed without sufficient information, and as a result plaintiff suffered an injury that should have been avoided. We believe this evidence is sufficient to allow a jury to find proximate cause. See *Lockwood v. Lord*, 163 Vt. 210, 213-16, 657 A.2d 555, 557-59 (1994).

Defendant argues that even if the expert's direct examination was sufficient, this testimony was so undermined by cross-examination that it left the testimony as a "bare opinion," inadequate to avoid the Rule 50 motion. See *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711-14 (Tex. 1997). We have reviewed the cross-examination, as well as the expert's additional testimony on redirect examination. While we agree that the cross-examination might have affected the weight that the jury would have given the expert opinion, we conclude it is modifying evidence that does not support the granting of the Rule 50 motion.

Finally, defendant argues that this case is controlled by *Utzler v. Medical Center Hospital of Vermont*, 149 Vt. 126, 540 A.2d 652 (1987), a medical malpractice case in which the superior court granted a directed verdict on the care given by defendant doctor after surgery. The Court upheld the directed verdict reasoning:

> In support of this claim, plaintiff effectively offers only the broad and conclusory testimony of an expert to the effect that it was not "appropriate" for defendant to discontinue caring for plaintiff in 1978 unless there was a transference of care to another surgeon. The expert gave no reasons for his conclusion and no detail as to the alleged failure of defendant to act "appropriately."
>
> Such testimony hardly establishes a duty of care, deviation from that standard, and causation of injury.

*Id.* at 128, 540 A.2d at 654. This is a very different case from *Utzler*. Rather than giving a broad, general statement of appropriateness, the expert in this case testified specifically on each element of 12 V.S.A. § 1908, explaining why he believed each element was met in this case. Defendant believes his testimony on causation is speculative and unsupported by the record, but that criticism goes to weight, not admissibility or sufficiency to meet plaintiff's burden.

Plaintiff also argues here that her negligence claim should have reached the jury under the doctrine of res ipsa loquitur. Defendant argues that the facts do not support the application of the doctrine in this case. Although plaintiff presented this theory below, the trial court never stated specifically that it was rejecting the theory or gave any reasons for a rejection. Since we are reversing the court's judgment as a matter of law, it is unnecessary for us to reach this question. In the light of the limited record, we also conclude it is inappropriate for us to reach it.

*Reversed and remanded.*