Provost v. FAHC, No. S1573-02 Cncv (Katz, J., Apr. 21, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
Chittenden County, ss.:

PROVOST

v.

FAHC

ENTRY

Plaintiff seeks damages for injuries to his left arm, which he claims were caused by defendant hospital's negligent administration of an intramuscular injection. On motion for summary judgment, hospital challenges plaintiff's ability to prove that it gave the injection in a negligent manner or that such negligence caused his injury.

Plaintiff sought medical relief at hospital when he began having a severe allergic reaction. Dr. Esparza, an employee of hospital, gave

plaintiff two successive injections, first of epinephrine and then of benadryl. The benadryl was injected directly into the muscle of plaintiff's upper left arm. During this injection plaintiff let out a yelp, which may have been from the needle hitting the bone. Dr. Esparza pulled the needle back and finished the injection. Soon after plaintiff lost feeling and control in his left arm consistent with a damaged radial nerve.

The fact that an accident occurred is not, by itself, proof of negligence. See Mattison v. Smalley, 122 Vt. 113, 117 (1960). As previous decisions have noted, this rule applies to medical malpractice cases as surely as in those arising out of automobile accidents. See, e.g., Hawkins v. Brooklyn–Caledonian Hospital, 239 A.D.2d 549, 556 (N.Y. App. Div. 1997). Thus the fact that plaintiff has suffered damages to his left arm is not proof in and of itself that Dr. Esparza or hospital acted negligently. To establish his case, plaintiff must offer evidence to satisfy the three elements of a medical malpractice case. Utzler v. Med. Ctr. Hospital of Vt., 149 Vt. 126, 129 (1987). These include: what standard of care Dr. Esparza owed the plaintiff, how she breached that standard, and how the breach proximately caused plaintiff's injuries. Id.

To fulfill his burden, plaintiff has produced an expert witness, Dr. Johansson, who submitted an affidavit. Utzler, 149 Vt. at 129 (complex issues in medical malpractice can only be satisfied by expert testimony). In it, Dr. Johansson does not explicitly state the proper standard of care that Dr. Esparza owed the plaintiff, but he does states that Dr. Esparza breached her duty of care "by inserting the needle to the point it made contact with the bone of the arm and injured the radial nerve." (Pl. Memo. in Opp'n to Summ. J., Ex. 2, at ¶ 6, Jan. 30, 2004.) He then says that plaintiff was actually injured and that Dr. Esparza's actions proximately caused these injuries. (Id. at ¶¶ 7, 8.) That's all.

As hospital points out, there is not much else to Dr. Johansson's affidavit. A supplemental affidavit does bolster his qualifications as an expert witness, but it does not explain any further about the standard of care or how Dr. Esparza's actions actually caused plaintiff's injuries. (See Pl. Rep. Memo. to Def. Resp. to Pl. Opp'n to Summ. J., Ex. 1, Feb. 18, 2004.) The issue then is whether Dr. Johansson's statements are enough to establish plaintiff's prima facie case. In complex medical cases, expert witnesses are required, Utzler, 149 Vt. at 129, but their affidavits must assert more than bald contentions and conclusions of law. Morais v. Yee, 162 Vt. 366, 371–72 (1994); Riess v. A.O. Smith, 150 Vt. 527 (1988); see also Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996) (noting that the standard for pleadings must exceed bald contentions and conclusions of law). The affidavit of an expert witness must still meet the requirements of V.R.C.P. 56(e) by presenting specific factual issues for trial. Morais, 162 Vt. at 371. The problem with Dr. Johansson statements is that they lack any such factual evidence or reasoning. To say Dr. Esparza failed to exercise reasonable care because the needle hit the bone and injured the radial nerve begs the question. That is, it assumes that Dr. Esparza's physical injection hit the nerve. As hospital points out, that is not necessarily the case. A hematoma could have caused the injury or the medication itself may caused it.

It would be one thing if Dr. Johansson concluded that the act of injecting too deep had been the actual cause of plaintiff's injury, but Dr. Johansson provides no such reasoning for his statements and does not even hint at how a proper injection would be performed. What is the right way to give such a shot? What did Dr. Esparza do wrong? These questions, important elements of Dr. Esparza's breach, are not simply not addressed by the affidavit or plaintiff's evidence. Instead, Dr. Johansson's statements

read as solutions to complex algebra equations without the intermediate work. See Smith v. Parrott, 2003 Vt. 64 (discussing the various detailed affidavits and depositions that expert witnesses gave to establish competing theories of causation and breach). The real logic behind Dr. Johansson's conclusion appears to be: plaintiff was injured; the injury appears to stem from the radial nerve; therefore negligence. In other words, plaintiff's injuries must have been caused by Dr. Esparza's negligence because otherwise he would not be injured. While this may very well be Dr. Johansson's learned conclusion, it does not stand up to even a lenient scrutiny of proof. Peterson v. Post, 119 Vt. 445, 451 (1957) ("Evidence which merely makes it possible for the fact in issue to be as alleged, or which raises a mere conjecture, surmise, or suspicion, is an insufficient foundation for a verdict.").

Merely presenting an expert's affidavit with such conclusions does not satisfy the elements of the claim. Morais, 162 Vt. at 372 (quoting Hayes v. Douglas Dynamics, Inc., 8 F.3d 88, 92 (1st Cir. 1993)). Here Dr. Johansson's opinion states conclusions but gives no facts as to why it is possible. Without such facts, we fall to a long standing principle of medical liability that the physician is not the insurer of the patient or a guarantor of the outcome. Short v. United States, 908 F. Supp. 227, 235 (D.Vt. 1995); Utzler v. Med. Ctr. Hospital of Vt., 149 Vt. 126, 127 (1987); Baldwin v. Gaines, 92 Vt. 61, 71 (1917). In this case, Dr. Esparza injected patient and soon after patient sustained an injury. After a reasonable amount of time, plaintiff has not established how Dr. Esparza was negligent or how her actions led to his injury. Therefore, summary judgment is appropriate and plaintiff's action should be dismissed. Poplaski v. Lamphere, 152 Vt. 251, 254–55 (1989).

Based on the foregoing, defendant's motion for summary judgment

is granted.  Plaintiff's case is dismissed.

Dated at Burlington, Vermont_____, 2004.


_____
Judge