Wing v. Byrne-Ryder, No. 199-4-06 Rdcv (Cohen, J., Jan. 22, 2010)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT
## RUTLAND COUNTY

|  |  |  |
|---|---|---|
| STEPHANIE WING, as Administrator for the Estate of JAMES WING and, INDIVIDUALLY, | ) ) ) ) | Rutland Superior Court Docket No. 199-4-06 Rdcv |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| JUDITH BYRNE-RYDER, RIDGEWOOD ASSOCIATES INTERNAL MEDICINE INC., MARK HAMILTON, M.D., JEFFREY BELL, M.D., ELLEN PINTER, P.A., ANTHONY PETRILLO, P.C., SPRINGFIELD PHARMACY INC., and MARY HOCHBERG, as President, and JOHN LEPPMAN, M.D., and SPRINGFIELD HOSPITAL d/b/a BELLOWS FALLS INTERNAL MEDICINE, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants | ) | |

### DECISION ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

This matter came on before the Court on three separate motions for summary judgment. Defendants John Leppman M.D. and Springfield Hospital filed a Motion for Summary Judgment on July 21, 2009. Defendants Ridgewood Associates in Internal Medicine, Inc., Mark Hamilton M.D., Jeffrey Bell, M.D., Ellen Printer P.A., and Anthony Petrillo P.A. (Ridgewood Defendants) filed a Motion for Summary Judgment on August 5, 2009. Defendant Springfield Pharmacy, Inc. (Springfield Pharmacy) filed a Motion for Summary Judgment on November 2, 2009. Because each motion is predicated on Plaintiff's lack of expert testimony, the Court will resolve all three motions in this decision.

In addition, defendants Dr. Leppman and Springfield Hospital and the Ridgewood

Defendants filed separate Motions to Strike the affidavit of Plaintiff's expert, Dr. Robert Barkin, which was attached to Plaintiff Stephanie Wing's Response to the motion for summary judgment. Defendant Springfield Pharmacy filed a Motion in Limine to exclude or limit the testimony by Dr. Barkin.

Plaintiff Stephanie Wing, as administrator of the Estate of James Wing, and individually, is represented by William J. McCarty, Esq. Defendants Dr. Leppman and Springfield Hospital are represented by Martha M. Smyrski, Esq. The Ridgewood Defendants are represented by John D. Monahan, Esq. Defendant Springfield Pharmacy is represented by Leo A. Bisson, Esq.

## Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. V.R.C.P. 56(c)(3). In response to an appropriate motion, judgment must be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). In determining whether a genuine issue of material fact exists, the court accepts as true allegations made in opposition to the motion for summary judgment, provided they are supported by evidentiary material. *Robertson v. Mylan Labs*, *Inc.,* 2004 VT 15, ¶ 15, 176 Vt. 356. The nonmoving party then receives the benefit of all reasonable doubts and inferences arising from those facts. *Woolaver v. State*, 2003 VT 71, ¶ 2, 175 Vt. 397. Furthermore, where, as here, "the moving party does not bear the burden of persuasion at trial, it may satisfy its burden of production by showing the court that there is an absence of evidence in the record to

support the nonmoving party's case. The burden then shifts to the nonmoving party to persuade the court that there is a triable issue of fact." *Ross v. Times Mirror, Inc.,* 164 Vt. 13, 18 (1995) (internal citations omitted).

## BACKGROUND

James Wing was a patient of Ridgewood Associates beginning in 1994. Mr. Wing was injured in a car accident in October 2004 and sought further treatment for his injuries. He was prescribed narcotics by Mark Hamilton M.D., Jeffrey Bell M.D., Ellen Printer P.A., Anthony Petrillo, P.C., of Ridgewood Associates, and John Leppman M.D. of Springfield Hospital. The prescriptions were filled by Springfield Pharmacy.

Dr. Hamilton, Dr. Bell, and Dr. Leppman are board-certified internists licensed to practice medicine in the State of Vermont and licensed to prescribe opiate medications. Mr. Petrillo and Ms. Printer are certified physician's assistants, both of whom practice in the field of internal medicine and both of whom are licensed to prescribe opiate medications.

James Wing died in February 2005. His wife Stephanie Wing, as administrator of his estate, and individually, brought the instant action alleging that James Wing's death was caused by a drug overdose from the prescribed narcotics. Ms. Wing alleges negligence by Dr. Hamilton, Dr. Bell, Ms. Printer, Mr. Petrillo, and their employer, Ridgewood Associates, and Dr. Leppman and his employer, Springfield Hospital. Ms. Wing also alleges negligence by Springfield Pharmacy and its president Mary Hochberg. Ms. Wing's complaint includes claims for survival, wrongful death, loss of consortium, and punitive damages.

To support her claims of negligence, Ms. Wing has presented testimony of one

3

expert, Dr. Robert Barkin. Dr. Barkin is a doctor of pharmacy. He is the clinical pharmacologist at the North Shore Pain Center in Skokie, Illinois. He is not a medical doctor, physician's assistant, pharmacist, coroner, or pathologist. He is not board certified in internal medicine or any other medical discipline. He is not licensed to prescribe or disburse any medications.

At his deposition, Dr. Barkin testified that he is not qualified to testify as to the standard of care applicable to internists. Furthermore, Dr. Barkin testified that he did not conduct an independent investigation into the cause of James Wing's death and he will not testify as to the cause of death at trial.

## DISCUSSION

Vermont law provides that in a malpractice action based on medical negligence, the plaintiff shall have the burden of proving (1) the degree of knowledge or skill possessed or the degree of care ordinarily exercised by a reasonably skillful, careful, and prudent health care professional engaged in a similar practice under the same or similar circumstances whether or not within the state of Vermont; (2) that the defendant either lacked this degree of knowledge or skill or failed to exercise this degree of care; and (3) that as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have occurred. 12 V.S.A. § 1908(1)-(3).

Put more plainly, in an action for medical malpractice, the plaintiff has the burden of proving (1) the applicable standard of care, (2) that the defendant breached that standard, and (3) that as a proximate result the plaintiff suffered injuries that would not otherwise have occurred. *Jones v. Block*, 171 Vt. 569, 569 (2000) (mem.) (citing 12

V.S.A. § 1908(1)-(3)).

The standard-of-care and causation elements of professional negligence claims ordinarily must be proved by expert testimony. *Wilkins v. Lamoille County Mental Health Services, Inc. and Copley Hospital*, 2005 VT 121, ¶ 16, 179 Vt. 107. There is an exception to the rule requiring expert testimony in medical malpractice cases, however, where the alleged violation of the standard of care is so apparent that it may be understood by a lay trier of fact without the aid of an expert. *Larson v. Candlish*, 144 Vt. 499, 502 (1984). The exception does not apply in the instant matter because this case concerns the standard of care in prescribing and disbursing prescription drugs and causation regarding the effect of prescription drugs on the body. In order to understand such issues, a lay trier needs the aid of an expert.

Thus, this case requires Plaintiff to prove the applicable standard-of-care and causation elements by expert testimony. See *Wilkins*, 2005 VT 121, ¶ 16. Plaintiff's expert, Dr. Barkin, testified at his deposition that he cannot testify as to the standard of care for an internist. Likewise, Plaintiff has provided no expert testimony as to the standard of care applicable to a physician's assistant or a pharmacist.

Even assuming Dr. Barkin could testify as to the applicable standard of care for these professions, he has no independent opinion as to James Wing's cause of death. Plaintiff has provided no expert testimony as to causation.

Where the moving parties do not bear the burden of persuasion at trial, such as here, they may satisfy their burden of production by showing the Court that there is an absence of evidence in the record to support the nonmoving party's case. The burden then shifts to the nonmoving party, in this case the plaintiff, to persuade the Court that there is

a triable issue of fact. *Ross*, 164 Vt. at 18. Because Plaintiff has failed to set forth any expert evidence as to the standard-of-care and causation elements, see *Wilkins*, 2005 VT 121, ¶ 16 (holding these elements must ordinarily be proven by expert testimony), there is no genuine issue of material fact and the moving defendants are entitled to judgment as a matter of law. See V.R.C.P. 56(c)(3).

Because summary judgment is appropriate, Defendants' Motions to Strike Dr. Barkin's affidavit are moot. Defendant Springfield Pharmacy's Motion in Limine is also moot.

## ORDER

(1) Defendants John Leppman M.D. and Springfield Hospital's Motion for Summary Judgment, filed July 21, 2009 is **GRANTED**. (MPR #7)

(2) Defendants Ridgewood Associates in Internal Medicine, Inc., Mark Hamilton M.D., Jeffrey Bell M.D., Ellen Printer P.A., and Anthony Petrillo P.A.'s Motion for Summary Judgment, filed August 5, 2009, is **GRANTED**. (MPR #8)

(3) Defendants John Leppman M.D. and Springfield Hospital's Motion to Strike Affidavit, filed September 14, 2009, is **MOOT**. (MPR #10)

(4) Defendants Ridgewood Associates in Internal Medicine, Inc., Mark Hamilton M.D., Jeffrey Bell, M.D., Ellen Printer P.A., and Anthony Petrillo P.A.'s Motion to Strike Affidvait, filed September 15, 2009, is **MOOT**. (MPR #11)

(5) Defendant Springfield Pharmacy, Inc.'s Motion for Summary Judgment, filed November 2, 2009, is **GRANTED**. (MPR #12)

(6) Defendant Springfield Pharmacy, Inc.'s Motion in Limine, filed November 2, 2009, is **MOOT**. (MPR #13).

Dated at Rutland, Vermont this _____ day of _____, 2010.

_____
Hon. William Cohen
Superior Court Judge

6