Gionet v. Dartmouth Hitchcock Med. Ctr., No. 135-2-09 Rdcv (Cohen, J., May 3, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**
**RUTLAND COUNTY**

| | | |
|---|---|---|
| **ALBERT J. GIONET** | ) | **Rutland Superior Court** |
| | ) | **Docket No. 135-2-09 Rdcv** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DARTMOUTH HITCHCOK MEDICAL** | ) | |
| **CENTER, WILLIAM ROSEN, M.D., and** | ) | |
| **UNNAMED MEDICAL ASSISTANT,** | ) | |
| | ) | |
| **Defendants** | ) | |


### DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, FILED NOVEMBER 2, 2009

This is a medical malpractice action brought by Albert Gionet, arising out of surgery on his eyelid. Defendants Dartmouth Hitchcock Medical Center and William Rosen, M.D., move for summary judgment. They argue that Plaintiff's claim requires expert medical testimony and that Plaintiff has failed to retain an expert. Plaintiff Albert Gionet appears *pro se*. Defendants Dartmouth Hitchcock and Dr. Rosen are represented by Kaveh S. Shahi, Esq.

### Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. V.R.C.P. 56(c)(3). In response to an appropriate motion, judgment must be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). In determining whether a genuine issue of material fact exists, the Court accepts as true allegations made in opposition to the

motion for summary judgment, provided they are supported by evidentiary material. *Robertson v. Mylan Labs*, *Inc.*, 2004 VT 15, ¶ 15, 176 Vt. 356. The nonmoving party then receives the benefit of all reasonable doubts and inferences arising from those facts. *Woolaver v. State*, 2003 VT 71, ¶ 2, 175 Vt. 397. Furthermore, where, as here, "the moving party does not bear the burden of persuasion at trial, it may satisfy its burden of production by showing the court that there is an absence of evidence in the record to support the nonmoving party's case. The burden then shifts to the nonmoving party to persuade the court that there is a triable issue of fact." *Ross v. Times Mirror, Inc.,* 164 Vt. 13, 18 (1995) (internal citations omitted).

## Background

Dr. William Rosen performed eyelid surgery on Albert Gionet to drain a cyst. Mr. Gionet was discharged from Dartmouth Hitchcock without complications. Afterwards, his eye began bleeding and he went to Rutland Regional Medical Center for care. Mr. Gionet describes his bleeding as life threatening. He alleges that Dr. Rosen committed medical malpractice by not providing proper care after the surgery.

On January 28, 2010, the Court issued an Order giving Mr. Gionet 30 days to respond to the defendants' request for expert disclosures. Mr. Gionet has failed to disclose an expert medical witness.

## Discussion

In a medical malpractice action, the plaintiff has the burden of proving (1) the applicable standard-of-care, (2) that the defendant breached that standard, and (3) that as a proximate result the plaintiff suffered injuries that would not otherwise have occurred. *Jones v. Block*, 171 Vt. 569, 569 (2000) (mem.) (citing 12 V.S.A. § 1908(1)-(3)).

The standard-of-care and causation elements of professional negligence claims ordinarily must be proved by expert testimony. *Wilkins v. Lamoille County Mental Health Services, Inc. and Copley Hospital*, 2005 VT 121, ¶ 16, 179 Vt. 107. There is an exception to this rule, however, where the alleged violation of the standard of care is so apparent that it may be understood by a lay trier of fact without the aid of an expert. *Larson v. Candlish*, 144 Vt. 499, 502 (1984) (citing *Senesac v. Associates in Obstetrics and Gynecology*, 141 Vt. 310, 313 (1982)).

The alleged violation of the standard of care for post-surgery eyelid treatment is not so apparent that it may be understood by a lay trier of fact without the aid of an expert. Therefore, the plaintiff must prove the applicable standard-of-care and causation elements by expert testimony. See *Wilkins*, 2005 VT 121, ¶ 16. Plaintiff has not set forth any expert evidence as to these elements.

Defendants have shown the Court that there is an absence of expert testimony evidence in the record, as required by law, to support Plaintiff's claim. Plaintiff has failed to proffer any expert testimony; thus, there is no triable issue of fact. See *Ross v. Times Mirror, Inc.,* 164 Vt. at 18. The defendants are entitled to judgment as a matter of law.

## ORDER

Defendants' Motion for Summary Judgment, filed November 2, 2009, is GRANTED.

Dated at Rutland, Vermont this _____ day of _____, 2010.


_____
Hon. William Cohen
Superior Court Judge

3