VERMONT SUPERIOR COURT

Washington Unit

65 State Street

Montpelier VT 05602

802-828-2091

www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-01843

Robert Plante v State of Vermont et al

## Opinion and Order on Mr. Plante's Motion to Strike and the State's Motion for Summary Judgment

Plaintiff Robert Plante is an inmate in the custody of the Vermont Department of Corrections ("DOC"). While in custody, he underwent successful treatment for mouth cancer following which he has enduring, but apparently typical, pain for which he has been and is being treated. In the amended complaint, he claims that the pain treatment he has been receiving is below the "prevailing medical standards" required by 28 V.S.A. § 801(a).[1] He seeks a declaration to that effect and an injunction requiring the DOC to provide treatment at the required standard. The State has filed a motion for summary judgment arguing that Mr. Plante has failed to come forward with evidence to demonstrate any triable issue as to his claim and, notably, has failed to disclose any experts whose testimony would be necessary to support it. Mr. Plante opposes the State's motion and has filed a motion to strike the affidavit of and otherwise exclude the State's expert, arguing that the State failed to disclose him as an expert.

---

[1] The complaint does not more precisely indicate the standard of care and what the alleged deviation may be.

## I.  Procedural Standard

Summary judgment procedure is "an integral part of the . . . Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Morrisseau v. Fayette*, 164 Vt. 358, 363 (1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)).  Summary judgment is appropriate if the evidence in the record, referred to in the statements required by Vt. R. Civ. P. 56(c)(1), shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Vt. R. Civ. P. 56(a); *Gallipo v. City of Rutland*, 163 Vt. 83, 86 (1994) (summary judgment will be granted if, after adequate time for discovery, a party fails to make a showing sufficient to establish an essential element of the case on which the party will bear the burden of proof at trial).  The Court derives the undisputed facts from the parties' statements of fact and the supporting documents.  *Boulton v. CLD Consulting Engineers, Inc.*, 2003 VT 72, ¶ 29, 175 Vt. 413, 427.  A party opposing summary judgment may not simply rely on allegations in the pleadings to establish a genuine issue of material fact.  Instead, it must come forward with deposition excerpts, affidavits, or other evidence to establish such a dispute.  *Murray v. White*, 155 Vt. 621, 628 (1991).  Speculation is insufficient.  *Palmer v. Furlan*, 2019 VT 42, ¶ 10, 210 Vt. 375, 380.

## II.  Analysis

The parties focus intensely on whether experts have been disclosed properly.  It is unnecessary to resolve that controversy, however.[2]  "Rule 56 . . . imposes a burden of

---

[2] Nonetheless, without deciding the issue, the Court believes the scheduling order itself imposes, at least, some obligation on parties as to expert disclosures and that further information can be obtained through additional discovery devices.

production on the moving party to make a prima facie showing that it is entitled to summary judgment. That can be satisfied, in cases in which the ultimate burden of persuasion at trial rests on the nonmoving party, either by submitting affirmative evidence negating an essential element of the nonmovant's claim or . . . by demonstrating that the nonmoving party's evidence itself is insufficient to establish an essential element of its claim." 10A Mary Kay Kane, *et al., Fed. Prac. & Proc. Civ.* § 2727.1 (4th ed.). "If it is successful in arguing that the nonmovant's evidence is insufficient, the burden shifts to that party to call evidence to the attention of the court to dispute that contention." *Id.*; *accord Poplaski v. Lamphere*, 152 Vt. 251, 254–55 (1989).

In this case, the State relies on its own expert to show that Mr. Plante's care does not fall below prevailing medical standards. The State also argues that Mr. Plante has no expert testimony that would be necessary to support his claim. There is no dispute that Mr. Plante has the ultimate burden of persuasion in this case and that satisfying it requires the support of expert testimony as to standards and treatment for the sort of pain he alleges. *See Taylor v. Fletcher Allen Health Care*, 2012 VT 86, ¶ 10, 192 Vt. 418, 422 (expert testimony generally required when matter "sufficiently complex as to be beyond the scope of common knowledge to a layperson"). Thus, even if the Court were to disregard the State's affirmative showing that Mr. Plante's care complies with prevailing standards, the question nevertheless would turn to whether Mr. Plante has evidence sufficient to support his claim.

An essential element of Mr. Plante's claim is to establish the prevailing medical standard and that the DOC's care is failing to meet that standard. *See Jones v. Block*, 171 Vt. 569, 569 (2000). The Supreme Court has consistently ruled that establishing the

medical standard of care and its breach typically requires reliance on expert evidence. *Id.*; *Begin v. Richmond*, 150 Vt. 517, 520 (1988) ("Ordinarily, these elements must be proved by expert testimony."); *Larson v. Candlish*, 144 Vt. 499, 502 (1984); ("normally the burden of proof imposed by 12 V.S.A. § 1908 will be satisfied only by expert testimony").

In opposition to summary judgment, Mr. Plante did not come forward with any affidavit, deposition testimony, or other evidence of expert opinions as to the prevailing medical standard and whether the DOC is in breach of it. At most, Mr. Plante points to his expert disclosure. The disclosure, in its entirety, is as follows:

> Petitioner may rely on the following witnesses to provide expert opinion in Robert Plante's case, docket 22-CV-01843:
>
> ●Dr. Adi Bamnolker (who I connected with through the Medical Justice Alliance)
> ●Mr. Plante's treating physicians, including but not limited to his physicians at TCCF, ENT of North Mississippi, and Greenwood Leflore Hospital[.]

The disclosure says nothing about what the testimony of any such experts might be. In essence, Mr. Plante apparently intends that such evidence will be forthcoming at trial. That is insufficient under Rule 56. "The nonmovant is not entitled to a trial on the basis of a hope that he can produce some evidence at that time." 10A Mary Kay Kane, *Fed. Prac. & Proc. Civ.* § 2727.2 (4th ed.). The submitted "evidence" is simply insufficient to create a triable fact as to one of the primary legal standards the Plaintiff must meet to establish his claim. The State's summary judgment motion has merit on that basis.

## Conclusion

For the foregoing reasons, the State's motion for summary judgment is granted. Mr. Plante's motion to strike is denied as moot.

Electronically signed on Tuesday, June 4, 2024, per V.R.E.F. 9(d).

_____
Timothy B. Tomasi
Superior Court Judge